## JONES v. MULLINIX.

1. **Tender:** IN BANK NOTES : OFFER. An offer to discharge a note in bank notes is not a legal tender. Nor will a mere *offer* to pay, entitle the debtor to receive the note.

2. —— MUST BE KEPT GOOD. A tender on the part of the maker of a promissory note to the payee, will not discharge the former from interest accruing after such tender, unless it be shown that he has always been ready and willing to pay.

*Appeal from Decatur District Court.*

FRIDAY, JUNE 26.

ACTION for balance due on a promissory note executed by defendant to plaintiff. Defense — tender of balance due, and demand of note, and failure to deliver up same. Jury trial and verdict for plaintiff. Defendant appeals.

*J. W. Warner* for the appellant.

*J. U. Penny* for the appellee.

COLE, J. — The note upon which this suit is brought was left with the treasurer of Decatur county as collateral security for the payment of a note given to the school fund of that county, also in the hands of the treasurer. The defendant claimed, and introduced testimony tending to show, that he called upon the treasurer to pay the note, he being authorized to receive payment, and that the defendant had the bank bills in his pocket with which to pay, and offered to pay the same; that the treasurer could not find the note, and for that reason it was not then paid; and that

the treasurer promised to notify defendant as soon as he found it. There is also testimony tending to contradict this claim. Some years after this offer to pay is claimed to have been made, the note was produced to defendant, and he paid the same with interest up to the time of his alleged offer. This controversy is in relation to the interest accruing subsequent to the alleged offer.

There was a jury trial, and instructions upon the various propositions involved were given as asked by the respective parties, or modified and given, and there were no exceptions taken thereto; and upon them no question is properly presented for our review. The defendant, however, asked two instructions, which were refused, and the refusal to give the same was properly excepted to. The first was as follows: "The defendant had a right to demand the note in question upon payment of the same. And if the jury find that the defendant offered to pay off said note, he had a right to demand said note, and receive the same." The first proposition embodied in this instruction is doubtless correct. The second proposition, however, is not so. If the offer was, as the testimony tends to show, to pay in bank bills, and not in legal tender, the party would not have a right to demand said note or receive the same, an offer of bank bills is not a tender. Rev. § 1818. Again, the mere offer to pay would not give him a right to receive the note, although a payment of it would. There was no error in refusing to give it as asked.

The other instruction refused was as follows: "If the jury find that the note in question was the property of the plaintiff, and he deposited the same with the school fund of this county as collateral security for another liability, and the defendant tendered to the treasurer of Decatur county, Iowa (he being the officer for the keeping and receiving of the school fund

2. —— must be kept good.

money), the amount of the note sued on, and said treasurer refused, for any cause, to receive the same, — it will discharge the defendant from paying interest on said note from and after the offer or tender to pay the same." This instruction is defective in that it overlooks the necessity of showing "that the defendant was always ready to pay it." 2 Greenl. on Ev. § 600, *et seq.*; Rev. §§ 1815–1818, inclusive.

Affirmed.