## PAINTER v. HOGUE.

**1. Res Adjudicata: SPECIFIC PERFORMANCE.** Where, in an action to compel specific performance of a contract, it had been determined that the plaintiff was not entitled thereto, it was *held* that the contract could not be set up as an equitable defense in an action to recover possession of the land which constituted the subject matter of the contract.

*Appeal from Muscatine District Court.*

TUESDAY, JUNE 4.

In March, 1873, the plaintiff was the owner of a farm of one hundred and sixty acres in Cedar county. A verbal contract was entered into between plaintiff and defendant by which defendant agreed to exchange for said farm one hundred and eighty acres of land in Hancock county, and pay to plaintiff two thousand dollars in four equal annual payments. Plaintiff surrendered possession of his farm to the defendant. No other or further act was done by plaintiff in the way of executing the contract, and the defendant filed a petition in equity in the Cedar District Court to compel a specific performance.

The plaintiff answered said petition by averring that the said contract ought not to be enforced, because the defendant falsely and fraudulently misrepresented the location, quality and value of the Hancock county land, and prayed that the contract might be rescinded, and that he be put in possession of the farm in Cedar county, and for judgment against defendant Hogue for the rents and profits thereof.

The cause was referred, and a trial was had before the referee, who reported to the court his findings of fact and law. The conclusion arrived at by the referee was that there was inequality and hardship in the contract, and that it ought not to be enforced against plaintiff herein. The report con-

cludes as follows: "I am forced to the conclusion that it is more equitable to leave the parties to the ordinary course of law, than to employ the extraordinary power of the court to enforce a contract that has in it all the elements of inequality and hardship that is contained in this. Whatever may have been the other representations made by plaintiff to defendant, he admits he represented the Hancock county land to be worth double its real value. He is seeking to make the defendant take it at that value. A court of equity cannot aid him in enforcing such a bargain. He must find his remedy in another form. In regard to the rescission of the contract prayed by the defendant in his cross-bill, I do not find that he is entitled to the relief sought. I therefore recommend that the petition and cross-bill be dismissed at plaintiff's costs, and that the parties be remitted to their remedies at law."

Exceptions to this report were overruled, and a decree was entered approving the report, and dismissing the petition and cross-bill, and remitting both parties "to their remedies at law." From this decree no appeal was taken. In March, 1876, the plaintiff, Painter, commenced this action at law to recover possession of the Cedar county farm, and fifteen hundred dollars for the rents and profits of the same. The venue of the cause was, by consent, changed to the Muscatine District Court.

The defendant, for an equitable answer and defense, set up the said contract for exchange, and averred that he was still in possession thereunder, and that he ever has been ready to perform and fulfill said contract and agreement on his part, and that he had tendered performance, and that his possession is rightful as the equitable owner of the land.

To this answer the plaintiff, by way of reply, set up the record and decree of the District Court of Cedar county, in the action for specific performance, and pleaded the same as an adjudication of the equitable rights of the defendant Hogue in the Cedar county farm.

Painter v. Hogue.

Defendant demurred to this reply, upon the ground, in substance, that it did not show an adjudication of the matters alleged in defendant's answer. The demurrer was overruled. The defendant appeals.

*Richman & Carskaddan* and *Holmes & Brooke,* for appellant.

*Richman, Broomhall & Jones,* for appellee.

Rothrock, Ch. J.—It is unfortunate for these parties that the referee in the former action did not make a report determining all the issues presented, and settling the whole controversy. The court had jurisdiction of the parties and of the subject-matter, and in these latter days it is not the policy of the law to administer partial remedies.

We think the demurrer in this case was properly overruled. It was adjudged by the decree in the Cedar District Court 1. RES ADJUDI- that Hogue was not entitled to a specific perform-
CATA: specific
performance. ance of the contract. This was an end to his claim to the title of the Cedar county farm. He now sets up the same contract as an equitable defense, and while he does not ask, in terms, that the contract be specifically enforced, he seeks, what amounts to the same thing, to set up the contract as a complete bar to a recovery of the land by Painter, the holder of the legal title.

It is true the decree denied the claim of Painter for possession of the land, and for the rents and profits, but it also remitted both parties to their remedies at law. The exact position, then, was this: The legal title was left in Painter, and it was adjudged that Hogue had no equity in the land which he could enforce. When Painter asserted his legal title in this action the only defense Hogue could interpose was a better legal title.

AFFIRMED.