## HELMS v. RIZER.

### (*Nashville.* February 20, 1897.)

SEPARATE ESTATE. *Not charged with debt, when.*

A bill in equity does not lie to enforce against a wife's separate estate an indebtedness incurred by her before marriage, for which decree has been rendered against her husband as her trustee, but not making it a specific charge upon her separate estate, although the husband and his sureties prove insolvent and an execution on the decree has been returned *nulla bona,* as the decree, in effect, simply adjudged the husband and trustee individually liable, and a bill to enforce a former decree cannot vary or amend or enlarge its scope.

FROM WILLIAMSON.

Appeal from Chancery Court of Williamson County. THOS. H. MALONE, Ch.

J. P. HELMS for Trustee.

COOK & MARSHALL for Rizer.

McALISTER, J. The bills in these causes were filed in the Chancery Court of Williamson County, on July 31, 1891, and, among other things, allege that at the December term, 1886, of the Supreme Court, one G. W. Hicks, as trustee, recovered a

judgment against Y. M. Rizer, as husband and trustee of his wife, for the sum of $106.02 and costs; that execution issued upon said judgment and was returned *nulla bona.* It was charged that said decree was founded upon an indebtedness for necessaries furnished to Mrs. Rizer before marriage with Y. M. Rizer. The bill further alleged that Mrs. Rizer was, at and before her marriage, the owner of a separate estate, consisting of railroad stocks and bonds, and a fine tract of land; that the mother of Mrs. Rizer was her trustee up to the time of her marriage, and that her husband, the said Y. M. Rizer, then became her trustee. The bill prays that a decree be passed declaring a lien on said trust property aforesaid, real and personal, and that a sufficiency thereof be sold to satisfy complainant's debt. The original decree pronounced by this Court, at its December term, 1886, recites, viz.: "That the defendants, Y. M. Rizer and B. B. Smith, were appointed trustee of their wives respectively, and that each received from the former trustee of their wives an estate largely more than sufficient to pay the complainants' claims, which were then due and owing, and for the payment of said debts said estates were liable. Complainants will therefore recover of the defendant, Y. M. Rizer, as husband and trustee of his wife, the sum of $106.02, and interest, for which execution may issue against defendant, Rizer, as an individual and as trustee of his said wife." Defendants demurred, and upon the

overruling of the demurrer filed an answer. The answer, among other defenses, claimed that the original judgment was against Y. M. Rizer, as husband and trustee of his wife, and does not bind the separate real estate of the wife, because it was not specifically described in the judgment of the Supreme Court and adjudged liable for this indebtedness. Defendants insist, therefore, that the Chancery Court had no jurisdiction to amend or correct the decree of the Supreme Court.

Chancellor Malone, on the hearing, was of opinion that the present bill is not a bill to carry into effect a former decree, but a bill rather to modify the decree of the Supreme Court, and accordingly adjudged that his Court was without jurisdiction to grant the relief, and dismissed the bill. On appeal, the Court of Chancery Appeals reversed the decree of the Chancellor, and granted full relief to complainants by ordering a sale of the farm in question. The Court of Chancery Appeals found "that Mrs. Rizer, before her marriage, was possessed of a considerable estate, both real and personal, which was held in trust for her benefit and support by her mother, Mrs. Baugh. When she married the said Y. M. Rizer, the estate was turned over to her husband as her trustee, and he, so far as appears, spent or used it all, except a tract of land of some one hundred and seventy-five acres in the ninth civil district of Williamson County; that her marriage took place a number of years ago, and her husband

made no reports as trustee, nor renewed his bond, and that now both he and his bondsmen are insolvent; that Mrs. Rizer, before her marriage, and during her minority, contracted the debt originally sued on, as is alleged, for necessaries. This claim, originally contracted by her, it seems, became the property of Geo. W. Hicks. Complainant, Helms, became the trustee of said Hicks, and, as said trustee, he recovered the decree against Rizer in the Supreme Court, on December 11, 1886. An execution issued from this Court on March 19, 1887, to the Sheriff of Williamson County, which was returned *nulla bona.* The Court of Chancery Appeals found that Y. M. Rizer was insolvent, and that the sureties on his bond are all dead or insolvent. The object of the present bill is to subject to the satisfaction of said decree the separate estate of Mrs. Y. M. Rizer, now remaining, which consists of the farm in the ninth civil district of Williamson County, described in the bill. The Court of Chancery Appeals was of opinion that while the Supreme Court did not, in direct terms, declare its decree a lien on the trust property, and order it to be sold for its satisfaction, it did decree that the trust estate was liable in the hands of the husband, as trustee, and that this was equivalent to making it an equitable charge on it." This being so, that Court could see no reason why the aid of a Court of Equity could not be invoked to make the liability effectual, and that this bill cannot fairly or legitimately be con-

14 P—27

strued into an effort to modify the decree sought by it to be satisfied.

If this bill were filed simply for the purpose of enforcing the execution of a former decree, it would readily be recognized as belonging to an acknowledged head of equity jurisdiction. Amongst the original and undoubted powers of a Court of Equity, is that of entertaining a bill filed for enforcing and carrying into effect a decree of the same or a different Court, as the exigencies of the case or the interest of the parties may require. Beech on Mod. Eq. Pr.; ·Shields v. Thomas, 18 How., 253.

Says Mr. Story, in his work on Pleading, viz.: "Sometimes, from the neglect of parties or some other cause, it becomes impossible to carry a decree into execution without the further decree of the Court. This happens generally in cases where parties, having neglected to proceed upon the decree, their rights under it become so embarrassed by a variety of subsequent events that it is necessary to have the decree of the Court to ascertain and settle them. . . . The Court, in these cases, in general, only enforces, and does not vary, the decree. But upon circumstances it has sometimes reconsidered the original directions and varied them in case of mistake." Story's Eq. Plead., Sec. 429 (10th Ed.). The present bill, it will be observed, is not filed upon the theory of any mistake in the original decree of this Court, nor have the rights of complainants become embarrassed by subsequent events

so that another decree is necessary to ascertain and enforce them. The whole purpose of this bill is to enlarge the boundaries of the original decree of this Court so as to charge the separate estate of Mrs. Rizer with this debt. The decree of this Court simply adjudged the husband and trustee individually liable for this debt, upon the ground that he had received from the former trustee of his wife an estate largely more than sufficient to pay her debt. It is true the decree then recites that "for the payment of said debts said estates were liable," but no estate is specifically described nor ordered sold for the satisfaction of said debts. It is quite clear that, in order to subject the separate estate of a married woman to the payment of her debts, the charge must be specifically decreed by the Court, upon the particular separate estate sought to be charged. In the original decree there is no charge fixed by the Court upon any specific portion of the separate estate of this married woman, but simply an individual liability decreed against her husband and trustee upon the ground that he had received an estate of his wife largely more than sufficient to pay this debt. The present bill seeks to subject the land of this married woman to the payment of this debt, when the original decree adjudged no such liability, and no new ground is alleged in the bill for the charge. If the land now sought to be subjected was charged in the original decree of this Court, this bill is manifestly superfluous, and if it was not

there charged, it is too late now to amend or enlarge the decree so as to fix a charge upon it. A bill for the enforcement of a former decree cannot vary or amend or enlarge its scope.

The decree of the Court of Chancery Appeals is reversed, and the decree of the Chancellor, dismissing the bill, is affirmed with costs. The case of *Helms, Trustee,* v. *B. B. Smith et al.,* heard with this case, being precisely similar in its facts, will share the same fate.