EUREKA FIRE HOSE COMPANY

*v.*

EUREKA RUBBER MANUFACTURING COMPANY.

[Decided February 13th, 1907.]

1. A manufacturer of rubber goods who uses the word "Eureka," misleads the public, and gains an unmerited advantage from the trade reputation given to such word by another company which used such word in its corporate name, will be restrained from the use thereof, not only in its corporate title, and in connection with competitive goods, but also in connection with non-competitive goods manufactured by it, so long as it continues to manufacture any goods in competition with the company first using the word.

2. A final decree granting an injunction will not be modified by striking out words deliberately placed in the decree by the court, for the reasons given in deciding the case, which decree was affirmed on appeal, for the reasons given by the court below, since the application for the modification is substantially an application to the trial court for a rehearing after affirmance on appeal.

3. Provisions in a final decree authorizing either party to appeal to the court for further directions necessary to effectuate the decree or protect the rights of either party do not authorize the striking out of material words in such decree deliberately placed there by the court after due consideration.

4. A decree granting an injunction will not be construed on application for such construction, nor until the question comes regularly before the court, in proceedings requiring its construction and application to acts alleged to be done or omitted under it.

On application for modification of injunction issued on final decree.

*Mr. John V. B. Wicoff,* for the petitioner defendant.

*Mr. Randolph Perkins* and *Mr. Richard V. Lindabury,* for the complainant.

EMERY, V. C.

The bill in this case was purely an injunction bill, the terms of the injunction were defined by the decree, and on appeal the decree was affirmed. The injunction, issued after affirmance on appeal, follows precisely the terms of the decree. The present application to modify the injunction is therefore substantially an application to modify the final decree after its affirmance on appeal.

The final decree recited

"that the use of the word or name 'Eureka' by the defendant in its corporate title, or otherwise, in connection with the marketing of conductive hose in competition with the complainant, was and is unfair and fraudulent competition,"

and decreed that defendant be enjoined from using the word "Eureka" as part of the corporate title of the defendant, or in any form or combination, on or in connection with the advertisement or sale of conductive hose,

"and also from using the word 'Eureka' in the corporate title of the defendant, or otherwise, so long as the defendant manufactures or sells, or continues to manufacture or sell, conductive hose,"

and directed that a perpetual injunction do issue accordingly. The injunction against which relief is sought followed these terms. Defendant since the affirmance of the decree for injunction on appeal has changed its name to "Acme Rubber Manufacturing Company," and now applies for a modification of the injunction, by striking out the words "or otherwise" in the last paragraph, so that it shall read,

"and also from using the word 'Eureka' in the corporate title of defendant so long as it manufactures or sells, or continues to manufacture or sell, conductive hose."

Thus modified, the defendant, so long as it discontinues the use of the word "Eureka" in its corporate title only, would be able to use the name or word "Eureka" on or in connection with the non-competitive goods, which constitute its principal business,

and have, as it says, acquired a value in connection with such use. The effect or probable effect of this use of the name "Eureka" on or in connection with the non-competitive goods, but while it still markets goods in competition, was, however, one of the points especially considered on the evidence at final hearing.

The complainant, as I concluded, had given a special reputation to "Eureka" goods in the market, and the defendant adopted and used this name in its corporate title and otherwise for the purpose of availing itself to some extent of the trade reputation complainant had given to goods marketed under that name. *Eureka Fire Hose Co.* v. *Eureka Rubber Manufacturing Co., 69 N. J. Eq. (3 Robb.) 159.* On this special subject, the extent to which the use of this trade name "Eureka" should be enjoined, my opinion was as follows:

"As to the extent to which the use of the name should be enjoined, the protection of complainant's trade name in connection with the marketing of goods manufactured in competition, is the limit of its rights. The bulk of defendant's business is in rubber mechanical goods, not dealt in by complainant, and for the purposes of this business it has the right to use the word as part of its name or otherwise. But, so long as it puts on the market goods in competition with complainant, the use of the word, in its name or otherwise, in connection with these goods, seems, under the evidence in the case, necessarily calculated to mislead the public, and to give defendant some advantage of complainant's trade reputation. I cannot see how complainant can be sure to receive the full benefit of the trade name to which it is entitled, except by enjoining defendant's use of the name in its title or otherwise, so long as it continues the manufacture or sale of the goods sold in competition with complainant. * * * The form of a limited injunction was not specially considered at the argument, and I will settle this upon notice if necessary."

These extracts show that the use of the name "Eureka," otherwise than in the corporate title, was specially considered in deciding the case, and it was again considered, or open for consideration, at the time of settling the final decree on special

notice. The insertion of the additional words "or otherwise" was therefore deliberate, and they were inserted because, under the evidence in the case, complainant seemed to be entitled to their insertion.

This portion of the injunction, it should be noted, was directed against unfair competition, not against the use of the name "Eureka" on the goods, and necessarily the terms of such injunction are best settled upon final hearing and as part of the whole case, while the whole evidence bearing on this subject is before the court.

On the appeal the whole question as to the extent of this and every other part of the injunction was open as to the propriety of their insertion in the decree, and if it was supposed to be improper, the attention of the court of errors and appeals should have been called to the objection.

The printed briefs of counsel for defendant on appeal do not, however, seem to have raised the question of this modification, or any modification, the principal contention being that no injunction should go against the use of the name in the corporate title.

On the appeal the decree was affirmed, for the reasons given by the court below, and these reasons must now be treated as the opinion of the appellate court on all points necessarily involved in the decision and decree.

The present application to modify the injunction and decree is thus substantially an application to this court for a rehearing of the cause on this point, after affirmance on appeal. One ground upon which the application to modify is based is the express provision in the final decree,

"that either party have leave to apply to this court at the foot of this decree for further directions, if it should appear to be necessary in order to effectuate this decree or to protect the rights of either party thereunder."

But it is well settled that, under a general leave reserved for further directions, an alteration of the decree made on the original hearing cannot be made, nor a decree inconsistent with it. *2 Dan. Ch. Pr. (Perk. ed.) 1452 (6th ed.) 1370, 1371.*

The leave here reserved was, however, special, and extended only to directions for enforcing or protecting the rights granted by the decree, not to a modification of those rights.

Nor can the cause now be reheard in this court, for the purpose of altering or modifying this part of the decree or the injunction based on it, in order to remedy a supposed grievance or inconvenience consequent on the decree. Defendant also asks on this application a construction of the decree and injunction on the point whether its proposed use of the word "Eureka" will be a violation of the injunction, but the court has no authority to affect in advance the rights of the parties under the terms of the decree by a construction of the decree. Such construction cannot be given until the question comes regularly before it in proceedings requiring its construction, and application to acts alleged to be done or omitted under it.

The application to modify the injunction must therefore be denied, and the temporary restraint of the operation of the injunction must be discharged.