## STATE *v*. WEST.

### Opinion delivered October 15, 1923.

1. JUDGMENTS—VACATION AT SUBSEQUENT TERM.—Under the continuing power of courts to amend their records to speak the truth, a court of record may, after the term in which a purported judgment was entered, enter an order vacating such judgment where it was void as having been rendered in vacation.

2. EVIDENCE—CONTRADICTING RECORD BY PAROL.—That a judgment purporting to have been rendered in term time was in fact ren-

dered at a subsequent date in vacation may be shown by parol evidence.

3. NOTICE—SERVICE ON PARTIES INTERESTED.—Notice of a motion to vacate a judgment alleged to be void must be given to the parties in interest.

4. JUDGMENT—NOTICE OF MOTION TO VACATE.—Where, in a proceeding by an executor and surviving wife, under Crawford & Moses' Dig., § 10235, to fix the inheritance tax due upon the estate, judgment was rendered in favor of the executor and widow, notice of the State's motion to vacate such judgment as rendered in vacation should be given to the widow as the real party in interest.

5. NOTICE—SERVICE ON ATTORNEY.—Under Crawford & Moses' Dig., § 1334, providing that "where it is not otherwise specially provided, a notice to a party in an action of any motion or proceeding to be made or taken therein in court, or before a judge, may be served upon such party or his attorney," *held* that notice of a motion to vacate a void judgment may be served upon the attorney of the opposite party.

6. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTION.—Where a petition to vacate a judgment as void alleged that it was rendered in vacation. a demurrer thereto admitted the truth of the allegations, and a bill of exceptions was not necessary to bring such fact into the record.

7. JUDGMENT—PAROL EVIDENCE TO CONTRADICT.—On a petition to vacate a judgment on the ground that it was void as having been rendered in vacation, evidence *aliunde* was admissible to disprove the recital of the judgment that it was rendered on a day of the regular term.

Appeal from Carroll Circuit Court, Western District; *W. A. Dickson,* Judge; reversed.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants; *David A. Gates,* inheritance tax attorney, for appellant.

The judgment rendered in vacation and entered of record as of a date during the term of court, although done under agreement, was a nullity. 71 Ark. 226; 75 Ark. 415. Parol evidence is admissible to show that a judgment which appears to be regular on its face was actually rendered in vacation, and consequently a nullity. 86 Ark. 591. Section 2190, C. & M. Digest, did not change the law with respect to cases in the circuit court. Dower is subject to the tax. 156 Ark. 169. The Federal

estate tax is not a deductable allowance in determining
the net value of the share upon which the inheritance
tax accrues.  175 N. W. 506; 166 N. Y. Supp. 168.

*W. N. Ivie* and *J. V. Walker,* for appellees.

No summons or notice was served on appellees as
contemplated by § 1316 C. & M. Digest.  The appeal
must be tried on the record in the case.  2 Ark. 14; 111
Ark. 201.  Errors complained of, not appearing on the
face of the record, must be brought to the attention of
the court by bill of exceptions.  47 Ark. 504; 84 Ark.
342.  There is no bill of exceptions, and the matters com-
plained of in the motion, with exhibits attached, are not
before this court, and cannot be considered, because not
a part of the record.  40 Ark. 114; 7 Ark. 266; 36 Ark.
305; 38 Ark. 594; 79 Ark. 185; 95 Ark. 302.  Where
there is no error on the face of the record, a bill of
exceptions and motion for new trial are necessary.  139
Ark. 408.  The latter does not take the place of the
former.  135 Ark. 499.  Parol evidence is not competent
to contradict the affirmative recitals of a decree.  141
Ark. 512; 50 Ark. 338; 55 Ark. 218; 12 C. J. L. 968,
§ 1205; 22 Ark. 308.

SMITH, J. On June 29, 1921, D. J. West, executor, and
Helen E. Granger, legatee, of the estate of R. S. Granger,
filed a complaint in the Carroll County Probate Court
against the State of Arkansas, pursuant to § 10235, C. &
M. Digest, alleging that R. S. Granger had died testate,
leaving his estate to his widow, except a money legacy to
his executor.  It was alleged that Granger had died with-
out issue, and that petitioner, Helen E. Granger, his
widow, took one-half of the estate as dower and the other
half under the will, and that the inheritance tax attorney
for the State was asserting that the entire estate, the
dower included, was subject to the tax. There was a pray-
er that the court declare the sum upon which the inheri-
tance tax should be paid.

On July 30, the inheritance tax attorney answered for
the State, and admitted that Helen E. Granger was the

sole beneficiary, but alleged the estate was more valuable than petitioners had alleged it to be, and that the entire estate was subject to the tax.

The cause was tried in the probate court, and judgment was rendered in favor of the plaintiffs, the court finding there was no tax due on the part of the estate which the widow had taken as dower.

The State appealed to the circuit court, and there was a judgment there in favor of the original plaintiffs, which was an erroneous judgment, in view of the decision of this court in the case of *State* v. *Boney,* 156 Ark. 169. Thereafter the State filed in the circuit court a petition to vacate this judgment, and that petition contained the following allegations: That the appeal of the State was heard by the court by consent in vacation, the judgment being rendered on November 15, 1921, but entered as of August 6, 1921, which was a day of the court. This judgment was adverse to the State's contention, and, as originally entered, did not show a motion for a new trial. Later an amended judgment was entered by consent on January 6, 1922, showing that a motion for a new trial had been filed and an appeal prayed. There is an allegation explaining the delay in the preparation of the transcript, which was not received by the inheritance tax attorney until February 8, 1922, which was not then filed because more than six months had expired since August 6, 1921, the date upon which the judgment had apparently been rendered.

This motion to vacate was filed July 18, 1922, and notice thereof was duly served on West, the executor, and on July 19, 1922, W. N. Ivie, attorney for Mrs. Granger, accepted service for himself only, expressly stating that he would not and did not accept service for his client, Mrs. Granger. On July 31, service of the notice was had upon J. V. Walker, an attorney in the original cause. In the recital of the service of the notice to vacate, J. V. Walker is referred to as attorney for the plaintiff, D. J. West, but it is also recited that "the plaintiffs, D. J.

West and Helen E. Granger, appear specially through their attorneys, W. N. Ivie and J. V. Walker, and demur to the jurisdiction of the court to hear the motion to vacate the judgment by this court at a former term. * * *"

The demurrer of the attorneys for the executor and the legatee was filed on August 17, and was upon two grounds: (1) that no summons or notice was issued or served on the plaintiffs herein in the manner prescribed by law; (2) the motion to vacate the judgment filed by the defendant is not a proper or valid pleading, and does not state facts sufficient to constitute a cause of action.

The court heard the demurrer and sustained it, and dismissed the petition, and this appeal is from that order.

The action of the court below is defended upon three grounds, the first being that the original judgment of the circuit court could only be vacated by a proceeding authorized by § 6290, C. & M. Digest, and that, of the eight grounds there named for vacating or modifying judgments, only the first contemplated such a proceeding as this, it being "by granting a new trial for the cause and in the manner prescribed in § 1316, C. & M. Digest," and this last-named section requires that a summons be first served, which was not done in the instant case.

We do not think, however, that the State's right to proceed to vacate the judgment is created by § 6290 of the Digest; nor do we think that the procedure is controlled by that section, or by § 1316 of the Digest. In fact, this is not a statutory proceeding, but is a special proceeding, instituted for the purpose of calling to the attention of the court the invalidity of the purported judgment, for the reason that it was rendered in vacation.

The case of *Jackson* v. *Becktold Printing & Book Mfg. Co.,* 86 Ark. 591, was brought to vacate a judgment of the circuit court which had been rendered in vacation. In opposition to the relief there prayed, it was contended that the fact that the judgment was rendered in vacation could not be shown by testimony, but could

only be shown by the record itself, but the court said that, if this contention were correct, we would have the anomalous condition of a decree being a nullity and of the parties affected by it being denied the right to establish that fact. The court then quoted from the case of *Bobo* v. *State,* 40 Ark. 224, as follows: " 'Courts have a continuing power over their records not affected by lapse of time. Should the record in any case be lost or destroyed, the court whose record it was possesses the undoubted power, at any time afterwards, to make a new record. In doing this it must seek information by the aid of such evidence as may be within reach tending to show the nature and existence of that which it is asked to establish. There is no reason why the same rule should not apply when, instead of being lost, the record was never made up, or was so made up as to express a different judgment than the one pronounced by the court. Hence the general rule that a record may be amended, not only by the judge's notes, but also by other satisfactory evidence'."

This proceeding is therefore an exercise of that continuing power which courts have over their judgments to find and declare that what purports to be a judgment is, in fact, no judgment at all; and, while we do not think that the authority to institute this proceeding is derived from or is controlled by the sections of the Digest referred to, we do think it was essential that notice thereof be given to the parties in interest.

The real party in interest here is the widow, for it is obvious that any additional tax which may be collected will be deducted from funds which would otherwise go to her. She should therefore have notice of the proceeding to vacate the judgment in her favor. Has she had it? We think she has. It is not denied that Ivie, who was and is her attorney, was served with notice. It is true this attorney accepted service only for himself, and not for his client, but the service upon him was not in his individual capacity, but as the attorney for the

widow; and it was not denied, and is not denied, that he was then, and is now, her attorney in this matter. The service upon Ivie must necessarily therefore have been upon Mrs. Granger's attorney. Likewise the service upon Walker was service on her attorney. As has been said, the judgment itself in one place referred to Walker as the attorney for the plaintiff D. J. West, but it also recites that West and Mrs. Granger appeared through their attorneys, Ivie and Walker. We do not understand that the court made any finding that Ivie represented one of the parties and Walker the other; but we understand the fact to be that both attorneys represented both parties.

By § 1334, C. & M. Digest, it is provided that, "where it is not otherwise specially provided, a notice to a party in an action of any motion or proceeding to be made or taken therein in court, or before a judge, may be served upon such party or his attorney; but the service upon the attorney in any such case must be by delivering to him a copy of the notice."

If it be contended that this section applies only to proceedings had prior to the rendition of a final judgment, and does not relate to proceedings had thereafter, it may be answered, without passing upon that contention, that the purpose of this proceeding is to show that no final judgment has been rendered; indeed, that no judgment has been rendered at all, because of the lack of power on the part of the court to render a judgment in vacation.

We conclude therefore that Mrs. Granger has been properly notified of this proceeding.

The action of the court in sustaining the demurrer is defended on the second ground that there is no showing that the judgment was in fact rendered in vacation, there being no bill of exceptions in the case; and it is insisted that the demurrer did not admit the truth of the allegations of the petition. There was no bill of exceptions; but none was necessary, as the error of the court

appears upon the face of the record, as the demurrer necessarily confessed the truth of the facts recited in the petition to vacate the judgment. It is true, the demurrer challenged the jurisdiction of the court, but it did so on the facts alleged in the petition, and a bill of exceptions was not necessary therefore to bring these facts into the record.

In support of the court's action in sustaining the demurrer, it is finally insisted that, as the judgment which the State seeks to vacate recites, in its face, that it was rendered on August 6, 1921, a day of the regular term of the circuit court, no evidence can be heard to contradict this affirmative recital.

We think the case of *Jackson* v. *Becktold Ptg. & Book Mfg Co., supra,* answers this contention, for, as was there said, "if the fact of its rendition in vacation could not be shown by testimony, and could only be shown by the record, we would have the anomalous condition; in cases like the present one, of a decree being a nullity and of the parties affected by it being denied the right to establish that fact."

This proceeding is not to amend, or modify, or to contradict, a judgment, but was begun to establish the fact that there was no judgment, and, from the nature of the case, the proof could not properly be limited to the recitals of the judgment which was sought to be set aside.

We conclude therefore that the court erroneously sustained the demurrer to the petition to vacate, and the judgment will therefore be reversed, and the cause remanded with directions to overrule the demurrer.

Mr. Justice HART dissents, upon the ground that Mrs. Granger was not properly served with notice.