INGRAM *v.* WOOD.

Opinion delivered November 23, 1926.

1. JUDGMENT—AMENDMENT AFTER LAPSE OF TERM.—Where the original decree in a partition suit determined the interests of all the parties involved, as provided by Crawford & Moses' Dig., § 8100, it became final with the lapse of the term, and a supplemental decree, rendered at a subsequent term, changing the interests of the parties but not embracing any of the grounds for vacating or modifying the prior decree set out in § 6290, and alleging no claim that the original decree was procured by fraud, *held* void.

2. EQUITY—OPENING OR VACATING DECREE.—A court of equity can set aside a void decree at any time.

Appeal from Union Chancery Court, First Division; *John E. Harris,* special Chancellor; affirmed.

*Bailey & Bailey,* for appellant.

HUMPHREYS, J.   This is an appeal from a decree rendered on May 5, 1925, in the first division of the chancery court of Union County, annulling an amended and supplemental decree made and entered on January 27, 1925, in a suit wherein J. W. Raiford *et al.* were plaintiffs and Ben R. McClanahan *et al.* were defendants.   Both appellants and appellees herein were parties to that suit, which was a partition suit of certain lands in said county.   The original decree in that suit was rendered on the 30th day of June, 1924.   It was adjudged in the original decree that appellees herein, Mrs. Lizzie Wood and Mrs. Fannie McMullen, owned an undivided one-sixth interest each, and appellants herein, who were children of their deceased sister, an undivided one-thirtieth interest each in the lands involved in the suit.   The term of court at which the original decree was rendered adjourned until court in course on the first Monday in September, 1924.   On the 27th day of January, 1925, at a subsequent term of court, the amended and supplemental decree was rendered, on the motion of the attorneys who represented appellants and appellees herein in the original partition suit, so as to change their several adjudged interests in said lands to equal shares therein, conformable to the said attorneys' construction of a written instrument of date May 3, 1923, evidencing a purported family settlement between appellants and appellees on the one side, and R. H. Ingram and Mattie J. Ingram on the other.

It will be observed that the effect of the amended and supplemental decree was to materially reduce the interests of appellees herein, Mrs. Lizzie Wood and Mrs. Fannie McMullen, adjudged to them in the original decree.   On account of this reduction, they attacked the validity of the supplemental decree aforesaid, by motion, at a subsequent term of the court, upon the ground that the court was without authority in law to

change or modify the original decree after the expiration of the term at which same was rendered.

The following recitals appear in the decree of May 5, 1925, from which this appeal was taken:

"Said matter is presented to the court upon the verified petition of Mrs. Lizzie Wood and Mrs. Fannie McMullen aforesaid, and upon the response filed thereto by Polk Ingram, Pauline Ingram Ward, formerly Pauline Ingram, Emma Ingram Quires, formerly Emma Ingram, Ruby Ingram McMullen and Charles (Charlie) Ingram, *feme sole,* aforesaid, and upon all of the original pleadings, depositions and records heretofore filed or entered in this cause, said depositions, pleadings and records being more fully set out in the original decree entered in this cause, and submitted also upon the original decree in September, 1924, and upon the motion to correct and modify the original decree which was filed on January 21, 1925, and upon the supplemental decree entered in said cause on January 27, 1925, and upon the oral testimony of Mrs. Fannie McMullen, Mrs. Lizzie Wood, Arthur McMullen, and Neill C. Marsh."

Appellants herein contend for a reversal of the decree of date May 5, 1925, because they say the ascertainment of the several interests of the parties in the lands was not an issue in the suit at the time the original decree, of date June 30, 1924, was rendered. The supplemental decree of date January 27, 1925, reflects by recitals therein that the rights and interests of all the parties to the suit, including the rights and interests of appellants and appellees herein, were ascertained and determined, but, in ascertaining and determining same, the court made a mistake as to the correct interest to which each was entitled. According to the recitals of the decree of date May 5, 1925, quoted above, the original pleadings in the partition suit and the testimony therein were before the court, which formed a basis for the finding in said decree that the several interests of all the parties in the lands involved were correctly ascer-

tained and determined in the original decree of date June 30, 1924.

We have searched the transcript for the pleadings and testimony upon which the original decree was based, but are unable to find that same were incorporated therein. The transcript contains the proceedings beginning with and including the supplemental decree rendered on January 27, 1925. The omission from the transcript of the original pleadings and testimony makes it impossible for us to determine what the issues were in the original suit, except as reflected by the recitals in the supplemental decree of date January 27, 1925, and the decree of date May 5, 1925. These recitals, as stated above, show that the original suit was one in partition, and that the interests of all the parties to the lands involved were ascertained and determined. It is the statutory duty of courts in partition suits to ascertain and determine the interests of all parties in the lands and tenements sought to be divided and to decree a partition in accordance with the rights of each thus ascertained. Section 8100, C. & M. Digest.

It follows from what has been said that the original decree, which fixed the interests of the several parties in the lands involved, became final and binding upon appellants and appellees herein with the lapse of the term of court on the first Monday in September, 1924. The only method by which the decree could have been modified or set aside, after the lapse of the term at which same was rendered, except for fraud in the procurement of same, is the method provided in § 6290 of Crawford & Moses' Digest. The motion filed to modify the decree did not embrace any of the grounds contained in said section for modifying and vacating judgments. The supplemental decree therefore of date January 27, 1925, changing the several interests of appellants and appellees in said lands as ascertained and determined in the original decree of date June 30, 1924, was rendered without authority in law, and void. *Brady* v. *Hamlett*, 33 Ark. 105; *Kersh* v.

*Lincoln County,* 36 Ark. 589; *Robinson* v. *Citizens'*
*Bank,* 135 Ark. 308, 204 S. W. 615.

The supplemental decree, of date January 27, 1925,
was void, so it was within the continuing and inherent
power of the court, after the lapse of the term at which
rendered, to set it aside as a nullity. A court has the
right to say at any time that a void decree is no decree at
all. *Bobo* v. *State,* 40 Ark. 224; *Jackson* v. *Becktold*
*Printing & Book Manufacturing Co.,* 86 Ark. 591, 112 S.
W. 161, 20 L. R. A., N. S., 415; *State* v. *West,* 160 Ark.
413, 254 S. W. 828.

No error appearing, the decree is affirmed.