RURAL INDEPENDENT SCHOOL DISTRICT No. 3 OF JOHNS TOWNSHIP, Appellant, v. CLARENCE MCCRACKEN, County Superintendent, et al., Appellees.

No. 41437.

OCTOBER 19, 1932.

Fee & Milani and Elgin & Simmons, for appellant.

Valentine & Valentine, for appellees.

ALBERT, J.—This is the second appeal in this case, the opinion on the first appeal being found in 212 Iowa, p. 1114, where the facts material to the case are set out *in extenso,* and need not be here repeated. On the reversal of said case by this court and in pursuance of procedendo, the case was redocketed in the lower court. The plaintiff amended its petition, again assailing the constitutionality of Chapter 102, Acts of the 43 G. A., purporting to amend Section 4131, Code 1927.

To a fair understanding of the question here involved, it must be stated that in the appeal on the first submission of the case, the constitutionality of said chapter was attacked on different grounds, and this court held that the law was constitutional as against the assaults there made upon it. On the reappearance of the case in the lower court, plaintiff attempted to amend its petition by again attacking the constitutionality of this legislation on another and different ground than that which was involved in the first appeal of the case; to wit, it sought to amend its petition by alleging that the said Act of the General Assembly was unconstitutional on the ground that it was a delegation of legislative power to private individuals, in that it authorized private individuals to create and fix the boundary of a school district and to withdraw the same from a city or town district and to decide that the territory therein contained lies in close proximity so as to make the operation of a country school practicable.

Plaintiff therefore is in this position: It attacked the constitutionality of this legislative act on certain grounds which this court in its former opinion held were not tenable. Subsequently it sought in the district court to amend its petition, attacking the constitutionality on a different ground from that used in the first attack. Can it do this? We think not. It was its duty, when it sought to attack the constitutionality of this Act, to bring up all its objections thereto, and having been defeated by a decision of this court thereon, it can not again assail the constitutionality of the act of the legislature on other and different grounds.

We have consistently held in this court that on a retrial of a case in the district court, following a reversal in this court, the

party can not "mend his hold," as will be seen from the following cases:

In Zalesky v. Home Ins. Co., 114 Iowa 516, 1. c. 519, we said:

"The due and timely adjudication of the rights of litigants demands that a cause of action or a defense be submitted as a whole when known, and not by piecemeal; otherwise, parties not offending in this way may be eternally harassed, and the courts constantly engaged in passing upon the points, raised, one at a time, in a long course of litigation. We cannot lend our sanction to such procedure. Where there is an opportunity for the full presentation of all the facts in a case, the party relying thereon must make a full disclosure thereof if known to him, or suffer for his failure so to do. He cannot be permitted to conceal a part of his action or defense, or to negligently overlook it, and thus prolong indefinitely the final settlement of the case. This proposition is so manifestly right that no citation of authority in its support seems necessary."

In Allen v. City of Davenport, 115 Iowa 20, we said:

"There can be no good reason for opening a case after final submission, either before or after reversal by this court, for the purpose of determining a cause of action which may quite as well be investigated and decided in a separate proceeding. In the case at bar the attempt was to plead a cause of action at law not in existence when the original case in equity was submitted, and to present it for the first time after every issue raised by the pleadings had been fully disposed of except the formal entry of the decree."

In the case of City Council of Marion v. National Loan & Investment Co., 130 Iowa 511, 512, this court said: "It is a fundamental rule of procedure that a party may not try his case in sections."

In Ingold v. Symonds, 134 Iowa 206, it is said:

"It is a well-settled legal principle that a party to litigation may not split his causes of action and try a case by piecemeal; in other words, he may not present one branch of his case for the determination of the court, and, when unsuccessful therein, begin over again presenting some other matter upon which he relies which might have been presented and determined theretofore. The law will not tolerate the multiplicity of suits growing out of such practice, but requires a party to present his entire claim or demand in one action,

and, if he fails to do so, but chooses rather to take his chances on a presentation of a part thereof, he is estopped from further prosecuting the same demand either by an independent action or by an amendment to pleadings which amounts to practically the same thing."

In Hogle v. Smith, 136 Iowa 32, this court said:

"One way of stating the rule which is well fortified by authority is that 'an adjudication is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of litigation'."

The following cases throw some light on this proposition: Wood v. Hall, 138 Iowa 308; Kossuth County State Bank v. Richardson, 141 Iowa 738; Wapello Savings Bank v. Colton, 143 Iowa 359, 360; In re Estate of Cook, 143 Iowa 733; Knapp v. Brotherhood of American Yeomen, 149 Iowa 137; Snouffer & Ford v. City of Tipton, 150 Iowa 73.

The trend of all these decisions is to expedite litigation, and save, if possible, repeated appeals to this court. We conclude, therefore, that the plaintiff had no right to file the amendment, after the case had been returned to the district court, attacking the constitutionality of the legislation in question. This disposes of the real question in controversy in this case on which the appeal is founded.

This law having been held constitutional, the stipulated facts are substantially the same facts which were admitted by the filing of the motion to strike the answer referred to in the first opinion in this case. The law being constitutional, the stipulated facts show that all requirements thereof were fully and fairly complied with, and the action of the county superintendent in segregating this territory and establishing the new district was regular and right.— Affirmed. ·

STEVENS, C. J., and FAVILLE, DE GRAFF and WAGNER, JJ., concur.