CITY OF FAIRFIELD, Petitioner, v. GEORGE W. DASHIELL, District Judge, Respondent.

No. 41924.

June 20, 1933.

Rehearing Denied January 12, 1934.

Ralph H. Munro and Starr & Jordan, for petitioner.

Thoma & Thoma, for respondent.

Albert, J.—At all times in controversy herein, John W. Wheatley was the owner of a farm consisting of 357 acres. To the south thereof, with a highway intervening, the city of Fairfield was the owner of a quarter section of land. A small natural water course ran across the land of the city and Wheatley in a northerly and southerly direction.

In the spring of 1925, the city of Fairfield was desirous of creating a reservoir, known in the record as No. 3, for impounding water for use in its waterworks. The dam was constructed across said waterway at a point about 120 rods south of the highway, and was 175 yards long and 20 feet high. After construction of the dam, the water impounded thereby overflowed on part of Wheatley's land, and on February 11, 1929, he filed a petition in equity asking that the nuisance created and maintained by reason of defendant's construction of said dam be enjoined, and he asked judgment against the defendant for damages in the sum of $4,000.

After the commencement of that action, the city of Fairfield instituted condemnation proceedings against the plaintiff and his land, resulting in an award of $34,310.83. From this award an appeal was taken by the city to the district court. In the district court the appeal from the condemnation case was consolidated with the equity case for the purpose of trial, which resulted in a decree on June 16, 1930, so far as the condemnation case was concerned, which fixed the damages at $18,307.34. In the equity case the decree was in part as follows:

"The defendant, City of Fairfield, within four months from and after this date, shall pay to the plaintiff, John W. Wheatley,

the amount of the award this day made by this court in favor of John W. Wheatley v. City of Fairfield, Iowa, in law action 9344, the same being $18,307.34, together with interest thereon at the rate of six per cent per annum from and after this date.

"Or, in the event the defendant, City of Fairfield shall appeal the said award of this court * * * to the Supreme Court of Iowa, then said City of Fairfield shall, within four months from and after this date, file with the clerk of this court a supersedeas bond guaranteeing to the plaintiff, John W. Wheatley, the payment of the amount of said award * * * or such amount as shall ultimately be determined to be due to the said John W. Wheatley by reason of the condemnation of said Wheatley's land. * * * And it is further ordered that in event the defendant, City of Fairfield, Iowa, *shall fail to pay said award* or *take an appeal to the Supreme Court of Iowa*, from the award made by this court in said law action No. 9344, and file bond as hereinbefore provided for within four months from and after this date, then *a writ of injunction shall issue* under the seal of this court restraining the City of Fairfield, Iowa, by and through all of its proper officers, from in any manner using or occupying for waterworks purposes, or any other purpose, the lands of the plaintiff described as follows: [Here follows a description of Wheatley's land.]"

Both of these cases were appealed to the Supreme Court, and an opinion was rendered therein on February 9, 1932. Wheatley v. City of Fairfield, 213 Iowa 1187, 240 N. W. 628. The action of the district court was affirmed in both cases.

On November 21, 1932, plaintiff filed in the office of the clerk of the district court of Jefferson county, Iowa, in the equity case of Wheatley v. City of Fairfield, a motion for the issuance of a writ of injunction, and for an order requiring the sheriff to remove the dam above referred to, alleging that the city had wholly failed to pay said award but continued at all times thereafter to maintain said dam and to flood the lands owned by the plaintiff involved therein, and alleging that the plaintiff was entitled to a writ of injunction to restrain the defendant from continuing to use, occupy, and flood plaintiff's land until the damages, as fixed by the award, had been paid to the plaintiff, and asking for fixing of time and place for hearing this motion and prescribing notice to be given therefor.

The hearing was set for December 3, 1932, and notice given accordingly. On November 30, 1932, the city appeared and filed a resistance to this motion, alleging that the city of Fairfield had drained from all portions of said (Wheatley's) land upon which water had been so obstructed as to be caused to remain thereon because of the construction of the dam on the defendant's own premises, and asserting that the decree was a full and final adjudication of the rights and remedies of the parties to said cause and could not be modified or changed by the court without showing that there had been a change in the facts and circumstances under and upon which said cause was decided, further alleging:

"This court is without jurisdiction or power to modify or change the terms or provisions of said decree at this time for the reason that no showing has been made, that change has occurred in the facts and circumstances connected with said cause, and there has in fact been no change in the facts and circumstances connected with said cause of action, except that the City has removed the water from said premises, and is not now occupying any part of said premises, either directly or indirectly."

This matter came on for hearing December 8, 1932, and a reporter's transcript of all evidence taken on the original submission in both the equity and the law action was introduced in evidence. It was also shown that the city of Fairfield by official action on April 21, 1932, "directed the city engineer to at once drain sufficient water out of said reservoir No. 3 to avoid holding the water on John Wheatley's land."

The evidence shows that the city put in what was called "a valve" through the dam to let out part of the water impounded thereby, but the valve did not work automatically and had to be opened and closed by hand and did not wholly free Wheatley's land from flooding.

After the decision by the Supreme Court in the appeal, the city formally abandoned the condemnation proceedings.

The district court on this hearing found that plaintiff's motion should be sustained, and a mandatory writ of injunction should issue for the removal of the dam, and, if the same were not removed by the city within thirty days from the filing of the decree, the sheriff of Jefferson county should be directed to enter upon said premises and remove the same, unless, prior to the expiration of

said thirty days, the defendant should pay into the hands of the clerk of that court, for the benefit of this plaintiff, the amount of award fixed by Judge Smith in the condemnation case and affirmed by the Supreme Court. It was further ordered:

"This court retains jurisdiction of this cause for the enforcement of all of the provisions of this decree, and in the event said dam shall be removed as provided for herein, this court expressly retains jurisdiction of this cause and the parties thereto for the determination of plaintiff's damages to his land up to the date of the removal of said dam."

A supplemental decree was entered accordingly.

Such injunction was duly issued on the 30th day of December, 1932, whereupon, on the 10th day of January, 1933, a petition for writ of certiorari was filed in this court and an order granting the same was made on January 17th following.

Section 12456, Code 1931, reads as follows:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy."

The controlling question raised by the petition in this proceedings is whether or not the district court in making the order he did "exceeded his proper jurisdiction or otherwise acted illegally."

The petitioner insists that the decree entered on June 16, 1930, is the final decree and is conclusive as to all matters in issue or which might have been adjudicated, and therefore the court had no jurisdiction to entertain or act upon the motion last filed in the case under which the court ordered a mandatory injunction.

To a fair determination of this question, we turn to the decree and find it is therein provided, among other things, that, in cases of an appeal, first, a supersedeas bond should be filed within four months in the condemnation case:

"and it is further ordered that in event the defendant, City of Fairfield, Iowa, shall fail to pay said award or to take an appeal to the Supreme Court of Iowa from the award made by this court in said law action 9344, and file a bond as herein provided from and after this date, then a writ of injunction shall issue * * *

restraining the City  *  *  * from in any manner using or occupying for waterworks purposes or any other purpose the land of the plaintiff described as aforesaid." (Here follows a description of plaintiff's land.)

This is the only provision in the decree with reference to an injunction. The record shows that a supersedeas bond was filed within the time provided, and an appeal taken. This having been done in compliance with the decree, there is nothing left in the decree finding the plaintiff entitled to or authorizing the issuance of an injunction. In other words, under the fact situation in the case, after the appeal to the Supreme Court had been taken, the case stood as though there were no provision whatever in the decree awarding plaintiff an injunction, and, on affirmance of the same by the Supreme Court, no provision whatever was made for the issuance of an injunction by this court.

The condemnation proceedings having been wholly abandoned by the city, we then had left the proceedings under the original equity petition which resulted in a decree which finds, among other things that "the plaintiff is entitled to a conditional or provisional writ of injunction as follows:" (Here follows the finding of the court that the award should be $18,307.34, together with interest at 6 per cent after this date.) It further appears that the defendant, city of Fairfield, had occupied and used the premises in question for waterworks purposes and had not paid to the plaintiff the award made by the sheriff's commissioner, or paid the amount of the warrant into the hands of the sheriff of Jefferson county, Iowa. There was no allowance in the decree for damages for the occupation of the land prior to the condemnation proceedings or the bringing of the equity action. The closing paragraph of the decree provided that the defendant, city of Fairfield, should pay the costs taxed at $11.35.

It will be noticed, therefore, that, as to the original equity action under the decree entered, the provisions thereof as to an injunction were conditional only; that is to say, that, on the failure on the part of the city to put up a supersedeas bond in the condemnation case, or to take an appeal to the Supreme Court of Iowa from the award made in the condemnation case within four months from and after the date of the decree, then a writ of injunction should issue, etc. As stated above, the city having put up the supersedeas bond and taken the appeal, there is nothing left in

the decree of the district court that is of any utility to the plaintiff. The city did appeal from the decision of Judge Smith in both cases. It filed a bond which seems to have been accepted by the clerk, and which the court must assume was filed in good faith by the city in compliance with Judge Smith's order. This having been done, there was no provision left in the order for a writ of injunction. The conditions of that order,—a failure to comply with which would entitle the plaintiff to a writ of injunction,—had been complied with so that no writ could then or now issue under such order.

As originally stated, the action charged a damage to plaintiff's land by flooding and asked for damages and an injunction. The decree did not allow the plaintiff anything for the damages to his land by flooding prior to the time of the condemnation proceedings, and, as above explained, did not award him an injunction, excepting conditioned as above explained, and, the conditions having been complied with, the decree did not thereafter warrant the issuance of a writ of injunction. The case was not continued, and no reservations were made in the decree for further consideration of the case, but a regular decree was entered and costs were ordered assessed against the defendant. An appeal was taken therefrom by the city, and the case was affirmed in this court. We can reach no other conclusion, therefore, than that the decree referred to was a final decree, and, being final, it is not permissible, under the guise of enforcement of the decree, to add new and different liabilities after a final decree.

Respondent in his argument says:

"This is not a case where a final decree has been altered after term. It is not a case of modification of a court record. No claim is made by Wheatley that the original decree is not conclusive upon the matters in issue, and the facts as they existed at the time the decree was entered. No attempt has been made to create new and different liabilities as contended by petitioner. There has been and is now no contention that the original decree was not controlling upon Dashiell. The answer to all of these contentions by the petitioner is that Judge Dashiell simply made such orders in the case as appeared at the time necessary to fully and effectually enforce and effectuate the decree as entered by Judge Smith."

These concessions in argument by the respondent admitted and treated the decree of June 16, 1930, as a final decree, which is in

accordance with our holding. The question then left is, where a final decree has been entered in which no injunction is ordered by the court, whether by proceedings through motion as was done in this case, an injunction may issue. We are cited to no cases and find none in which such proceedings are allowed.

As supporting our conclusion, see Barbour, Stedman & Herod v. William H. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. (N. S.) 715; Emerson v. Heard, 81 Ala. 443, 1 So. 197; Helms v. Rizer, 98 Tenn. 414, 39 S. W. 718; Mabson v. Christ, 96 Fla. 756, 119 So. 131; Ingram v. Wood, 172 Ark. 226, 288 S. W. 393; Commercial Credit Co. v. State, 224 Ala. 46, 138 So. 413; Mitchell v. Fowler, 181 Ark. 857, 28 S. W. (2d) 66; Donovan v. Danielson, 263 Mass. 419, 161 N. E. 807; Eureka Fire Hose Co. v. Eureka Rubber Mfg. Co., 72 N. J. Eq. 555, 65 A. 870; 21 C. J. p. 693, section 865; 21 C. J. 695; 21 C. J. p. 706, section 874.

A decree is conclusive as to all questions and facts in issue or which might have been adjudicated. Schmidt v. Zahensdorf, 30 Iowa 498; Painter v. Hogue, 48 Iowa 426; Stodghill v. C., B. & Q. Ry. Co., 53 Iowa 341, 5 N. W. 495; Adams County v. B. & M. R. R. Co., 55 Iowa 94, 2 N. W. 1054, 7 N. W. 471; Wolfinger v. Betz, 66 Iowa 594, 24 N. W. 228; Minnesota Linseed Oil Co. v Montague & Smith, 65 Iowa 67, 21 N. W. 184; Hawkeye Ins. Co. v. Duffie, Judge, 67 Iowa 175, 25 N. W. 117; Giddings v. Giddings, 70 Iowa 486, 30 N. W. 869; Hodge v. Shaw, 85 Iowa 137, 52 N. W. 8, 39 Am. St. Rep. 290; Hogle v. Smith, 136 Iowa 32, 113 N. W. 556; Black v. Miller, 158 Iowa 293, 138 N. W. 535; Barz et al. v. Sawyer et al., 159 Iowa 481, 141 N. W. 319; Delbridge v. Sears, 179 Iowa 526, 160 N. W. 218; Rural Ind. School Dist. v. McCracken, 215 Iowa 55, 244 N. W. 711; 34 C. J. 902 and 34 C. J. p. 818, section 1236.

We conclude that the decree of June 16, 1930, was a final decree, and the district court had no jurisdiction to entertain this motion or to authorize the issuance of a mandatory or any other kind of injunction as was done.

Having reached the conclusion in this certiorari proceedings that the lower court had no jurisdiction to make the order made by him which is under review herein, it follows that the writ must be sustained and the action of the lower court held for naught.

What remedy Wheatley had in this matter is not now before us. —Writ sustained.

EVANS, DONEGAN, CLAUSSEN, and ANDERSON, JJ., concur.

KINDIG, C. J., and MITCHELL and KINTZINGER, JJ., dissent.

KINDIG, C. J.—(dissenting). I find myself unable to agree with the majority opinion in this case, and therefore I respectfully dissent. When the district court entered its decree on June 16, 1930, it provided for the event of an appeal and the posting of an unconditional supersedeas bond. Under the court's decree, an injunction should issue in effect in the event the appeal was not taken in which the unconditional supersedeas bond should be furnished. This requirement of the district court, as a condition precedent for the issuance of the injunction, was a scheme or method devised to work out justice in the particular occasion. So far as the questions involved on this appeal are concerned, the district court had a right to adopt that method of determining when the injunction should issue. As a part of that scheme the district court, as it had a right to do, defined the appeal and the kind of supersedeas bond required as a condition precedent to the issuance of the injunction.

Although the city of Fairfield appealed, it did not furnish the kind of supersedeas bond defined by the district court. It appears that the bond furnished did not require the city to pay the damages assessed if it elected not to take the property condemned. That evidently was not the kind of a bond defined and contemplated by the district court. Therefore the appeal taken and the bond furnished are not the kinds provided for and defined in the court's decree. Consequently, because the bond defined and contemplated by the district court was not given on the appeal, the injunction, under the scheme adopted by the district court, became effective. As a result, then, of the city's failure to post the bond contemplated and defined by the district court, the injunction immediately issued, and, as before said, became effective.

I would justify, therefore, the supplemental order of the district court at which the proceeding in certiorari is directed, under section 7851 of the 1931 Code. In that section is the following provision:

"The sheriff, upon being furnished with a copy of the assessment as determined on appeal, certified to by the clerk of the district court, may remove from said premises the condemnor and all persons acting for or under him, unless the amount of the assessment is forthwith paid or deposited as hereinbefore provided."

By commencing the condemnation proceeding, by filing the particular pleadings in the proceedings and assuming the attitude taken

at the trial, the city, as condemnor, attempted to justify its possession of the property under the condemnation proceeding. Therefore it cannot now say that it does not have possession of the property under the condemnation proceeding. So far, then, as the supplemental decree amounted to an authorization to the sheriff to remove the defendant under section 7851, I would deny the writ. The rest of the supplemental decree is surplusage. Moreover, the supplemental decree can be justified under the theory of a writ of assistance. See 5 Corpus Juris 1315.

The writ, I think, should be annulled.

MITCHELL and KINTZINGER, JJ., join in dissent.