WOLFINGER, ADM'R, v. BETZ ET AL.

1. **Former Adjudication**: ADMINISTRATOR ESTOPPED BY DECREE AGAINST HIS INTESTATE. Where plaintiff's intestate had a lien upon the mortgaged property, and he was made a party defendant to a foreclosure of the mortgage, and it was alleged in the petition that his lien was junior and inferior to the plaintiff's mortgage, and he, though duly served with notice, made default, and a decree was entered against him according to the averments of the petition, *held* that such decree was binding upon his administrator, and estopped him from afterwards asserting, as against the plaintiff in the foreclosure suit and those holding under him, that his intestate's lien was superior to the mortgage, even though it was in fact superior.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to foreclose a mortgage. There was a decree granting the relief prayed for in the petition. Defendant Munzenmaier appeals.

*Gatch & Weaver*, for appellants.

*Goode, Wishard & Phillips*, for appellee.

BECK, CH. J.—I. The action was originally brought at law to recover upon a promissory note executed by defendant Munzenmaier to Martin Groshaus, plaintiff's intestate. By amendments, new parties were made defendants, and a foreclosure of a mortgage securing the note was prayed for by plaintiff. The cause was transferred to the equity side of the court, and a decree rendered foreclosing the mortgage as against all of defendants.

The facts of the case, briefly stated, are these: The real estate conveyed by the mortgage was originally owned by Wolfinger; the intestate, Groshaus, and defendant Munzenmaier, as tenants in common, holding equal interests. Wolf-

inger sold his undivided interest to defendant Munzenmaier. Subsequently, Groshaus sold by a verbal contract his interest to Munzenmaier for $3,000, receiving in part payment $1,000. Munzenmaier held possession of the whole property as the owner under these purchases. After these transfers and transactions, Munzenmaier executed a mortgage to defendant Betz, upon the whole of the property, to secure an indebtedness of $7,000. Subsequently, the parties, for purposes that need not be here inquired into, made the following instrument and conveyances: Groshaus, with the assent of the other parties, made a deed, absolute in form, conveying the undivided one-third of the realty to Betz, who executed an instrument in writing, declaring that he held the property in trust for Munzenmaier, and as security for himself on account of Munzenmaier's indebtedness of $7,000 to him, and obligating himself to convey the property to Munzenmaier upon the payment to him of the sum due Betz and Groshaus. Upon the same day, and as a part of the same transaction, Munzenmaier and wife executed to Groshaus a mortgage upon the undivided one-third of the land in question. This is the mortgage which plaintiff, as the administrator of Groshaus, seeks to foreclose in this action.

Before the death of Groshaus, Betz instituted an action to foreclose the mortgage upon the property executed by Munzenmaier to him, making the mortgagee, Groshaus, and other persons, defendants. It is alleged in the petition that Groshaus and others "have, or claim to have, an interest or lien in and to the property,      *       *       *       but that the interest or lien of defendants, if any such exists, is inferior, subsequent, or junior to that of the plaintiff's mortgage. Service of notice was made personally upon Groshaus. Failing to appear, default was entered against him, and thereon a decree was rendered which declares and adjudges "that the liens, interests and title, whether legal or equitable, of the said defendants,      *       *       *       Martin Groshaus, [and others,] in and to the said real estate, are subject, subsequent

and junior and inferior to the lien of the plaintiff's mortgage." The decree forecloses the mortgage against all the defendants, and directs a sale of the property, which was had, and Betz became the purchaser, to whom a sheriff's deed was executed. He now, with other defendants, pleads the decree in the foreclosure proceedings, under which he claims the title, as a prior adjudication, which estops plaintiff to set up any claim against his title. This defense presents the controling and decisive question in the case.

II. We need not inquire what were the rights of Groshaus prior to the decree in the foreclosure action brought by Betz, though it would seem that his rights were no more than those of a mortgagee, *i. e.*, one holding a right to enforce a lien upon the property to secure the collection of his claim for the balance of the purchase money; and it would also seem that his right in the nature of a mortgage was subsequent and inferior to Betz's mortgage. But, in the view we take of the case, it is not necessary to consider these questions, as we are compelled to conclude that Groshaus' administrator is estopped by the prior adjudication in the action brought by Betz. Groshaus' rights were directly put in issue in this case. He had an opportunity and was called on to establish his rights, if he had any, and by the default he admitted that they were inferior to the mortgage of Betz. It is a familiar rule that a party can not re-litigate matters which he could have set up in a prior action, but which he failed to do. *Hempstead v. City of Des Moines*, 63 Iowa, 36; *Mally v. Mally*, 52 Id., 654; *Newby v. Caldwell*, 54 Id., 102; *Lawrence Savings Bank v. Stevens*, 46 Id., 429; *Painter v. Hogue*, 48 Id., 426; *Patton v. Loughridge*, 49 Id., 218; *Hackworth v. Zollars*, 30 Id., 433.

III. But, upon principle, it would seem that Groshaus' default, whereby he admitted—as the law regards the effect of a default—that his right, interest or lien in the property was inferior and subordinate to Betz's mortgage, will forever

estop his representatives or privies to set up any claim to the contrary.

IV, Counsel for plaintiff thinks that Betz's foreclosure does not effect the paramount title and right which they claim is held by Groshaus' representative. This position is based upon the undisputed doctrine that a foreclosure proceeding affects only the mortgagor's interest, and does not reach paramount titles and liens. But the action does not extend to the case where the holders of such titles and liens were parties to the proceedings, wherein it was alleged that their rights were subordinate to the mortgage, which by the default they admitted, and such titles and liens by solemn adjudication were declared to be inferior and subject to the mortgage. And that is the precise case before us. The decisions cited by counsel are, therefore, not applicable to it.

No other questions are presented for our determination. The decree of the circuit court is reversed, and the cause remanded for a decree in harmony with this opinion; or, at appellants option, such a decree may be rendered in this court.

REVERSED.