DES MOINES AND FORT DODGE RAILWAY COMPANY, Appellee, v. E. G. BUL-LARD *et al.*, Appellants.

Action to Quiet Title: FORMER ADJUDICATION: ADVERSE POS SESSION.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 17, 1893.

THIS is an action in equity to quiet the alleged title of the plaintiff to certain lands in Humboldt county. There was a full hearing on the merits and a decree for the plaintiff. The defendants appeal.—*Affirmed.*

*E. F. Bullard,* for appellants.

*John F. Duncombe,* for appellee.

ROTHROCK, J.—I. This case may be said to be a supplement to the case of *Bullard v. Des Moines & Ft. Dodge Railway Co.,* 62 Iowa, 382. It involves the title to the same land. It was held in that case that the title was in the railroad company. The plaintiff in that case is the counsel for the defendants in this appeal, and two of the appellants are sons, and the other is his wife. It was not claimed in the cited case that the wife and sons had then any interest in the land. That was a trial of the title of the land, and we will dispose of much that is found in the record in this case by the single remark that the adjudication in the former action disposed of all claim of title which E. F. Bullard had in the land. He was the plaintiff in the action, and neither he, nor those claiming under him, had any right to commence an action upon one claim of title, and pursue it to the end of final adjudication, as that case was pursued, and then set up other causes of action in another suit, or by way of defense to an action brought by the defendant in the former action; in other words, it was incumbent on E. F. Bullard to assert all the claim he had to the land in the former action.

This rule is fundamental, and we have neither the time nor inclination to elaborate it.

II.　There were a number of parties defendant to the present action. The only parties who appealed from the decree were Phoebe A. Bullard, the wife of E. F. Bullard, who was an original defendant, and E. G. Bullard and H. B. Bullard, the sons of E. F. Bullard, who made themselves parties by intervention. It is only necessary to say that the decree of the court below was right as to Phoebe A. Bullard. She is the wife, not the widow, of E. F. Bullard, and her inchoate right of dower was cut off by the decree in the former action. The intervenor, E. G. Bullard, claims title by a quitclaim deed made by Edward F. Bullard to him on the twenty-sixth day of January, 1885, and H. B. Bullard claims as holder of a three thousand dollar mortgage upon the premises, which was assigned to him by the executors of one Esingle on the eighth day of August, 1890. The claim of these intervenors is that the quitclaim deed and the assignment of the mortgage are both grounded upon the claim of title asserted in the former action between E. F. Bullard and the plaintiff herein, and which title was held to be void. If we understand the contention of the intervenors, they seek to tack the possession of the original claimants of this land to the possession of the intervenors, and assert title by prescription and adverse possession of the land. The former adjudication settled the question of the statute of limitations based on the original possession. If there was any merit in that claim, it should have been presented in that action.

Counsel for the intervenors appears to be laboring under the impression that actual possession of land for five years, claiming title adverse to the owner, is a good defense to an action to quiet title. We need not cite the statute on this subject. The possession must be exclusive, actual, open, notorious, and under color of title or claim of right for ten years, to be available under our statute of limitations. There was no such possession in this case.

The decree of the district court is AFFIRMED.