J. J. SMITH LUMBER COMPANY, Appellant, v. THE SISTERS OF CHARITY OF THE BLESSED VIRGIN MARY OF DUBUQUE.

Judgments: CONCLUSIVENESS. A judgment is binding upon all the parties not only as to those matters actually determined, but as to all other matters which might have been litigated and decided as incident to, or essentially connected with, the subject matter of the litigation; thus where the owner of a building brought action against his contractor, also making his materialmen and laborers parties, claiming damages for delay and imperfect work, to be retained from the contract price, and asking that the claims of materialmen be established and that the fund remaining be apportioned among them, a materialman claiming as a sub-contractor, who took issue on the question of the owner's damages and asked that his claim be established against the fund and paid prior to that of others, can not, after an adverse decree therein, institute another action as contractor and ask the establishment of his claim as a lien against the property.

*Appeal from Scott District Court.*—HON. A. P. BARKER, Judge.

TUESDAY, MARCH 15, 1910.

SUIT to recover for lumber furnished and to establish a mechanic's lien resulted in the dismissal of the petition.   Plaintiff appeals.—*Affirmed.*

*Helmick & Boudinot,* for appellant.

*Lane & Waterman* and *M. V. Gannon,* for appellee.

LADD, J.—The defendant is a corporation, and will be referred to herein as such.   In July, 1905, it entered into a contract with one Hall, under which he undertook to erect a building on its premises to be used as a music hall.   The contractor purchased a portion of the materials of plaintiff which will be referred to as the lumber company, but failed to pay a balance of $1,186.09.   A mechanic's lien therefor as subcontractor was filed November 20, 1906, more than thirty days subsequent to furnishing the last item.   In this suit foreclosure of the mechanic's lien is prayed by the lumber company as contractor, for that, as is alleged, before all the material was furnished, the corporation, in order to obviate the filing of such lien, promised to see that the materials furnished would be paid for.   This was denied in the answer, and the evidence adduced on the trial was in sharp conflict.   A plea for former adjudication was interposed, and our conclusion on that issue renders it unnecessary to determine whether there was such a promise.   The corporation had filed a petition in the district court of Scott County August 12, 1908, making the lumber company and others furnishing materials and labor for said music hall parties defendant therein, reciting the execution of the contract with Hall, the completion of the building and that $3,735.53 of the price was retained because of the claims of defendants therein, alleging damages due to imperfect work and delay in the sum of $2,620, which should be deducted from the price, and that it could not safely pay the balance

of the claims of defendants therein, and prayed that an accounting be had, that it be allowed the damages claimed, and that "the amount found due from it on said contract be fixed and the claims of said subcontractors be ascertained and established, and the amount due under said contract be apportioned between them and said Hall, so that plaintiff can safely pay what it owes." The lumber company answered by putting in issue the claims for damages and of other defendants, admitting that it had one, and by way of cross petition alleged furnishing materials to Hall, and that it had filed a mechanic's lien November 20, 1906, attaching a copy, and prayed that the claim be established as prior and superior to the others and be first paid from the amount in the hands of the corporation. Pleadings were filed by other defendants and, upon hearing, decree was entered allowing a part of the damages and distributing the remainder of the contract price to lienholders, whose liens were filed prior to that of the lumber company. It will be observed that the former action was based on allegations that the lumber company and others had furnished materials and labor for the building, and prayed that the claim of each be ascertained. The lumber company responded by setting up its claim and asserting its right to share the part of the contract price retained by virtue of having furnished material and of having filed a mechanics' lien.

The theory on which the issues were joined was that the portion of the contract price retained by the corporation less damages alone was available for the satisfaction of the different mechanic's liens. Instead of asking that the different liens be established against the realty, the several claimants, including the lumber company, prayed that the liens be enforced against the fund alleged to be in the hands of the corporation. That the lumber company might have alleged in that action an oral promise on the part of the corporation to see its claim paid and

have prayed that the lien as now asserted be established against the realty is manifest. The very purpose of the suit was to compel an adjustment of all claims for having furnished labor and material in the construction of the building and the lumber company, having sought relief on its claim and demand by way of a cross petition, setting up the same, based on its mechanic's lien, can not, in a subsequent action on the identical indebtedness and lien, be heard to urge against the plea of *res adjudicata* that only part of the facts on which its claim was based were then stated, or that only part of the relief to which it was entitled was then asked. The bill of lumber and mechanic's lien in the two suits are the same. The only differences between the issues are that in the former the lumber company claimed as subcontractor, and prayed the establishment of the lien against a fund in the hands of the owner in lieu of the realty, while in that at bar the claim is as contractor and the prayer is that it be established against the real estate. But the indebtedness in both actions is the same, and the matter of praying for different relief was optional with the lumber company. The judgment entered in the former suit "was binding on both parties, not only as to matters actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation." *Keokuk G. L. & C. Co. v. Keokuk,* 80 Iowa, 137. And such is the rule uniformly recognized in this state. *Fulliam v. Drake,* 105 Iowa, 515; *Zion Church v. Parker,* 114 Iowa, 1. In the last case a decree dismissing a petition praying for the foreclosure of a mortgage was held *res adjudicata* in a subsequent action to establish the same indebtedness as a general equitable lien; the court saying: "A party can not split up his cause of action. When he brings his suit claiming a lien, he must present all the facts entitling him thereto in the one case.

He will not be allowed to assert a mortgage lien in one case, and when defeated, bring another, claiming a general equitable lien against the same property." As said in *Cromwell v. Sac County,* 94 U. S. 351 (24 L. Ed. 195): "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy concluding parties and those in privity with them, not only as to every matter which was offered to sustain the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered." The ruling in *Lemon v. Savings Bank,* 131 Iowa, 79, cited by appellant, illustrates this distinction. The lumber company might have asserted all the facts and prayed for the same relief now sought in the former suit, and, for this reason, the decree entered in that suit operates as an estoppel in this.—*Affirmed.*