JOHN THUL, Appellee, v. FRANK WEILAND, Appellant.

No. 36350.

714

DECEMBER 16, 1931.

Frantzen, Bonson & Gilloon, for appellant.

Lyon & Willging, for appellee.

STEVENS, J.—Appellant is the owner of the E½ of the SW¼ of Section 13, Township 89 North, Range 1 East of the 5th P.M., Dubuque County, and appellee of the E½ of the E½ of the NW¼ of the same section. The parties trace their title to a common grantor, Gabriel Baumgartner. Appellant obtained title to the above-described tract March 25, 1904, by direct conveyance from Baumgartner, and appellee by devise from his father, to whom Baumgartner conveyed the tract March 22d, 1902. The deed to appellant contained the following reservation: ·

"Reserving the right of way from the E½ E½ NW¼ said Section to the Sageville Road running through the land hereby conveyed whenever the Grantee herein or assigns shall have the land herein conveyed under cultivation said right of way or

roadway to be used on the East side of said 80A and along the east line thereof."

Appellee also owns the W½ of the E½ of the NW¼ of the same section, and has improvements, including his residence, located on said west forty.

This action, in which appellee prays an injunction permanently restraining appellant from in any way interfering with his use of the right of way or easement reserved, followed the attempt of appellant to revoke and terminate such right of way or easement by notice and by placing obstructions therein. The answer of appellant denies the existence of a permanent easement appurtenant to the E½ of the E½ of the NW¼ of Section 13 over his eighty-acre tract, and alleges as a special defense that it was the intention of both the grantor and grantee when the reservation was placed in the deed to provide a convenient outlet by the grantor for the removal of timber from the east tract of appellee, and that, therefore, the easement, if such it may be denominated, was personal, and terminated upon the conveyance of the timber tract to appellee, or, at most, when the timber was removed. The reservation is not mentioned in the deed executed to Gabriel Baumgartner in 1904 to appellee.

It is further alleged in the answer that appellee uses the easement in connection with the west forty, to which it is in no sense appurtenant, and thereby casts an additional burden upon the servient estate, to the injury of appellant.

The evidence shows that, at the time the conveyance to appellee of the east forty was made, the grantor resided in the city of Dubuque, and that timber cut from the east forty was hauled to his home for firewood by way of the easement. Evidence was also introduced tending to prove that such use of the easement was contemplated by the parties as at least one of the reasons for the reservation in the deed. This testimony is supplied by John, the son of Gabriel Baumgartner, and the widow and several daughters of Adam Weiland, sisters of appellant.

The evidence also shows that the easement has been in continuous use by the appellee up to the commencement of this action since 1904, when he became vested with the title thereto. The easement is not now at least one of necessity, as there is a high-

716

way adjoining both of appellee's tracts on the north, by way of which Dubuque is as readily reached.

█ The law is well settled in this state as to all of the principal propositions discussed by counsel. If, at the time of the execution of the deed containing the reservation, the same was placed there merely for the purpose of giving the grantor a right of way over the premises of appellant for use in hauling wood from the east forty, then owned by the grantor, then clearly same terminated long ago. C. & N. W R. Co. v. Sioux City Stockyards Co., 176 Iowa 659. Appellee asserts no right thereto for the purpose of hauling wood to the Sageville Road, but, on the contrary, contends that the easement is and was intended to be permanent and an appurtenance to his east forty. There is nothing in the wording of the reservation tending in any way to indicate that the purpose thereof was either personal or temporary.

Appellant or his devisor has resided on, or in the immediate vicinity of, the several tracts described since 1904, and, so far as the record shows, has at all times acquiesced in the use thereof by appellee until shortly prior to the commencement of this action. Such conduct on their part is persuasive evidence of their understanding and interpretation of the reservation in the deed. Appellee resided on his west forty when he purchased the east tract from appellant's grantor, and for more than thirty years used the easement for travel and the transportation of products from both tracts.

It seems to us that the purpose and intention on the part of Gabriel Baumgartner of reserving a permanent easement across the land of appellant is quite clearly shown by the evidence, and that same is, therefore, an appurtenance to the east forty and passed with the conveyance thereof to appellee without special reference thereto. Teachout v. Capital Lodge I. O. O. F., 128 Iowa 380.

█ This brings us to the special defense set up by appellant: that is, that appellee is using the easement for travel and for the transportation of farm products from his west forty, to which the easement is not appurtenant.

It is a rule of general recognition that the owner of real estate and also of an easement appurtenant thereto may not use the same in connection with other land, thereby casting an addi-

tional burden upon the servient estate, although a part of a single enclosure. Kixmiller v. Baltimore & O. S. W. R. Co., 111 N. E. (Ind.) 401; Ball v. Allen, 103 N. E. (Mass.) 928; Goodwillie Co. v. Commonwealth Elec. Co., 89 N. E. (Ill.) 272; Diocese of Trenton v. Toman, 70 Atl. (N. J.) 606; Jarman v. Freeman, 79 Atl. (N. J.) 1065.

Conceding the foregoing to be the general rule, the violation thereof by the owner of the dominant estate would not justify the owner of the servient estate in trespassing upon the right of way and obstructing the same or in impeding the lawful use thereof.

It may be assumed that the amendment filed by appellant to his answer, coupled with a cross-petition in which an injunction restraining appellee from using the easement in connection with the west forty and limiting such use to the tract to which it was appurtenant after both parties had rested and the cause had been submitted to the court, was in recognition of the above rule. Upon motion of appellee, the cross-petition was stricken, upon the grounds that it was filed without permission after the cause had been submitted, and that it presented entirely new issues. Great liberality is permitted in filing amendments by district courts and, likewise, courts exercise a broad discretion in permitting or denying same. Bays v. Herring, 51 Iowa 286; Union Mill Co. v. Prenzler, 100 Iowa 540; Holbert v. Keller, 161 Iowa 723; Williams Shoe Co. v. Gotzian & Co., 130 Iowa 710; Marling v. Burlington, C. R. & N. Ry. Co., 67 Iowa 331; Guyer v. Minn. Thresher Co., 97 Iowa 132.

No reason was offered for delaying the filing of the cross-petition until after submission of the cause. This court cannot say, on the record before us, that the court abused its discretion in sustaining the motion to strike. Whatever may be the right of appellant to have the use of the easement strictly limited to the land to which it is appurtenant, the court properly enjoined him, upon the issues joined, from obstructing the same or preventing appellee from using same.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.