L. C. BAGLEY, Trustee, Appellant, v. D. W. BATES, Superintendent of Banking, Receiver, Appellee.

No. 43765.

June 15, 1937.

Rehearing Denied October 1, 1937.

Genung & Genung, C. S. White, and Bennett Cullison, for appellant.

Graham & Graham, Leonard L. Ryan, and James B. Ryan, for appellee.

Kintzinger, J.—■■■ This action was before this court in the case of Bagley v. Bates, 219 Iowa 1348, 261 N. W. 523. The action in that case was between the same parties and was commenced for the purpose of setting aside the same deeds because they were executed within four months prior to the filing of the petition in bankruptcy, and constituted a preference in violation of the U. S. Bankruptcy Act. Plaintiff failed in that action because it was not shown that the transfers were made in payment of any indebtedness to the grantee.

On February 3, 1933, Harriet M. Bilharz, later adjudged a bankrupt, transferred to the Farmers State Bank of Audubon

and the then Superintendent of Banking, who was acting as receiver of said bank, certain described real estate, which would have enabled the grantees to obtain a greater percentage of the bank's indebtedness than other creditors of the same class.

In the trial of the former action, it was found that the deeds were not executed in payment of any indebtedness of the grantor to the bank or its receiver, and the judgment of the lower court in that action was affirmed chiefly upon this ground. The opinion in that case was filed on June 21, 1935, and appears in 219 Iowa 1348, 261 N. W. 523. No petition for rehearing was filed therein, and the ruling therein is now final. For a further review of the facts in that case, reference is made to that opinion.

Thereafter, on August 6, 1935, the same plaintiff filed a general creditors' bill against the same defendant seeking to set aside the same deeds, because they were executed without consideration, were voluntary, were executed at a time when the grantor was indebted to numerous persons now represented by plaintiff, as trustee in bankruptcy, within four months prior to the filing of the petition in bankruptcy, and that said transfers hindered, delayed and defrauded the grantor's creditors, and were given and received for that purpose.

For answer to plaintiff's petition, defendant filed a general denial, and as a separate defense alleges that a former action was commenced by the same plaintiff to set aside the same conveyances while the grantor was insolvent; and that this question was litigated in the former action in which a decree was entered against the plaintiff, who then had knowledge of the same facts now alleged, but that he elected to submit the case to the court upon the pleadings and theory of a voidable preference under sections 60a and 60b of the Bankruptcy Act of 1898 [as amended, 11 U. S. C. A. section 96 (a, b)], and is, therefore, estopped by such election.

The record also shows that the plaintiff in the former action amended his petition by alleging that the deeds referred to were executed to the grantee without consideration, that the grantor received nothing of value therefor, and that said conveyances were made for the purpose of hindering, delaying and defrauding the creditors of the grantor, and that the action of the court in ruling upon plaintiff's appeal constitutes a full adjudication of the litigation involved.

From a decree dismissing plaintiff's petition in this action, plaintiff appeals.

Appellee contends that the matters adjudicated in the former action constitute an adjudication of the litigation between the parties hereto because all of the matters determined therein or which might have been therein determined were litigated and determined in that action, and that plaintiff is now barred and estopped from prosecuting another action of the same or similar nature.

Plaintiff's petition in the former action sought to cancel and set aside the same deeds sought to be cancelled and set aside here. The reason for asking the relief there was because of a voidable preferential conveyance executed within four months prior to the filing of the petition in bankruptcy. While it was not an ordinary creditors' bill to set aside a conveyance on the ground of fraud, it was an action in equity to cancel and set aside the conveyances.

Although the former action was first based upon the theory that the conveyances were in violation of sections 60a and 60b of the Bankruptcy Act of 1898 [as amended, 11 U. S. C. A. section 96 (a, b)], nevertheless, after the case was first submitted, plaintiff, on April 9, 1934, filed an amendment to his petition alleging that the ''conveyances were made for the purpose of hindering, delaying and defrauding the creditors of the said H. M. Bilharz, were without consideration, and that the same do in fact hinder and delay and defraud said creditors and all creditors represented by the plaintiff herein.'' Plaintiff in that action also asked leave to reopen the case for the purpose of introducing further evidence to conform the pleadings to the proof.

Defendant resisted plaintiff's application to reopen the case, and to amend the petition, because the case had then been submitted to the court, and because plaintiff had knowledge of the additional matters set out in the amendment several months prior to the trial. Thereafter, on June 23, 1934, the court sustained that part of the application asking permission to reopen the case for further testimony, but denied plaintiff the right to file said amendment alleging a fraudulent conveyance. There was no appeal from this ruling, and the same is now final and binding upon all parties connected with that case. On January

8, 1935, after the final submission of that case, the court entered the following judgment and decree:

"The court * * * finds that the evidence introduced * * * is insufficient to show that a transfer of the real estate described in plaintiff's petition * * * to the defendant * * * was preferential and in violation of the provisions of the Bankruptcy Act of 1898, * * * *and the court further finds that the equities herein are with the defendant.* It is, therefore, ordered, adjudged and decreed that the petition of the plaintiff be and the same is hereby dismissed at plaintiff's costs." (Italics ours.)

This judgment, which was special and general, was affirmed by this court in Bagley v. Bates, 219 Iowa 1348, 261 N. W. 523.

Appellant contends that because the lower court found for the defendant principally upon the ground that plaintiff failed to show that the deeds were executed by the grantor for the payment of any indebtedness to the defendant, that the issues in the former action were not the same as the issues in this action. As stated, however, the action was between the same parties, much of the evidence introduced in the former action would also be admissible in an action on a creditors' bill to set aside a conveyance, and all matters alleged in both actions might have been litigated and determined in the former.

Sections 60a and 60b of the U. S. Bankruptcy Act permit an action to set aside a voidable preference without a showing of actual fraud on the part of the grantor. Section 60b [as amended, U. S. C. A. sec. 96 (b)] provides that:

"If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of the transfer, * * * within four months before the filing of the petition in bankruptcy, * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it * * * shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

An action may also be commenced to set aside a fraudulent conveyance under a general creditors' bill as provided in section 67e of the Bankruptcy Act [as amended, 11 U. S. C. A. section 107 (e)], which provides that:

"All conveyances, transfers, assignments, or incumbrances of his property, * * * made or given by a person adjudged a bankrupt * * * within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void against the creditors of such debtor."

An action to set aside a conveyance may, therefore, be commenced under either or both of these sections. Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. The relief sought under either or both of these sections, however, is identical, that is, the setting aside and cancellation of the conveyance.

While the original petition in the former action did not contain all of the allegations of a general creditors' bill to cancel the deed for fraud, the plaintiff in that action filed an amendment to his petition containing allegations identical with those contained in his petition in the present action, seeking to cancel and set aside the deeds because they were executed without consideration and for the purpose of hindering, delaying, and defrauding creditors, etc., as that term is used under the common law and under section 67e of the Bankruptcy Act.

On motion of the defendant, these allegations in the amendment to the petition in the former action were stricken out, but the ruling thereon was never appealed from. The court entered a judgment on the merits in the former action, and appellee contends that all matters relating to the action to cancel the deeds were involved in the former action or were so connected therewith, that they might have been put in issue therein, and that plaintiff is now estopped from again litigating the same issues.

■■■ It is the general rule of law that "a judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, *but as to every other matter which might with propriety have been litigated and determined in that action.*" (Italics ours.) 34 Corpus Juris, 818.

This rule was announced in the following cases: Wheatley v. City of Fairfield, 221 Iowa 66, 264 N. W. 906; Stodghill v.

Railroad Co., 53 Iowa 341, 5 N. W. 495; Wolfinger v. Betz, 66 Iowa 594, 24 N. W. 228; Hahn v. Miller, 68 Iowa 745, 28 N. W. 51; Hodge v. Shaw, 85 Iowa 137, 52 N. W. 8, 39 Am. St. Rep. 290; Des Moines, etc., Ry. Co. v. Bullard, 89 Iowa 749, 56 N. W. 498; Smith Lumber Co. v. Sisters of Charity, 146 Iowa 454, 125 N. W. 214; Benedict v. Nielsen, 204 Iowa 1373, 215 N. W. 658; Andrew v. Farmers State Bank, 218 Iowa 1313, 256 N. W. 292; Bowen v. Bowen, 219 Iowa 550, 258 N. W. 882.

In the recent case of Wheatley v. City of Fairfield, 221 Iowa 66, loc. cit. 74, 264 N. W. 906, 910, this court, speaking through Justice Hamilton, said:

"It is the contention of appellee city that all the matters relating to damages and abatement of the alleged nuisance set up in the second count of plaintiff's petition were involved in equity cause No. 9242, and that the decree in that case was a finality and concludes, bars, and estops the plaintiff from again litigating the same issues. That the decree in the former case was a final decree on the merits has once been determined by this court. City of Fairfield v. Dashiell, 217 Iowa 474, 249 N. W. 236.

"It is a well-established rule, of almost universal application, that a judgment, if rendered by a court of competent jurisdiction, on the merits, constitutes a complete bar and estoppel to a subsequent action between the same identical parties based upon the same claim or demand or cause of action. *This is not only true with reference to matters in issue, but it is true as to all matters incident to or essentially connected with the subject of the action which might have been put in issue and adjudicated.* This rule is so familiar it needs no citation of authorities to sustain it. (Italics ours.)

"The doctrine of res judicata is based upon the principle that a party may not split or try his cause of action in piecemeal, but must put in issue and try his entire cause of action, or put forth his entire defense in the case on trial."

In Wolfinger v. Betz, 66 Iowa 594, 1. c. 596, 24 N. W. 228, 230, this court said:

"It is a familiar rule that a party cannot relitigate matters which he could have set up in a prior action, but which he failed to do."

In Des Moines Ry. v. Bullard, 89 Iowa 749, 56 N. W. 498, this court said:

"He was the plaintiff in the action, and neither he, nor those claiming under him, had any right to commence an action upon one claim of title, and pursue it to the end of final adjudication, as that case was pursued, and then set up other causes of action in another suit, or by way of defense to an action brought by the defendant in the former action; in other words, it was incumbent on E. F. Bullard to assert all the claim he had to the land in the former action. This rule is fundamental, and we have neither the time nor inclination to elaborate it."

In Smith Lbr. Co. v. Sisters of Charity, 146 Iowa 454, l. c. 458, 125 N. W. 214, 216, this court said:

"The Lumber Company might have asserted all the facts and prayed for the same relief now sought in the former suit, and, for this reason, the decree entered in that suit operates as an estoppel in this."

In Bowen v. Bowen, 219 Iowa 550, l. c. 552, 258 N. W. 882, 884, this court said:

"It is the well-established policy of the law to have an end to litigation, and, where parties have litigated a question to final determination in a court of competent jurisdiction, it is not open to either of them or their privies to thereafter institute another action for the purpose of having this same question determined."

It is true that in the former action plaintiff sought to set aside a voidable preference granted to the defendant in this action. The preference therein referred to consisted of the deeds executed by Harriet M. Bilharz to the defendant. The relief asked for was the cancellation and setting aside of those deeds. This identical relief is sought for in this action. The fact that plaintiff in the original petition in the former action attempted to set aside the deeds upon one ground does not alter the fact that he was attempting to set aside the deeds. It was, therefore, incumbent upon him to produce all of his grounds in that action. There is no substantial difference in the result between an action to set aside a deed on one ground or another. If plaintiff is successful, the result is the same.

█■█   The identical issue was also introduced in the former

case by an amendment to the petition filed by plaintiff therein. The ultimate question to be determined in both actions is whether or not the deeds should be set aside, and this question might and could have been determined in the former action. It may be that the lower court sustained defendant's objection to the filing of the amendment to plaintiff's petition in the former action because it was filed too late, it being filed after the submission of that case. Thul v. Weiland, 213 Iowa 713, 239 N. W. 515. It may also be that such action of the lower court in the former case was prejudicial, but in either event these matters are not before us now for review, as the ruling of the lower court in striking out the amendment was never appealed from. The court's action was, therefore, a final adjudication and cannot be reviewed in the present action.

"The reason for this rule lies in the principle that there must be an end to litigation, and, where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences." 15 R. C. L. sec. 446, p. 970.

We are constrained to hold that the matters presented by the plaintiff in this action were incident to and so closely connected with the matters presented in the former action that plaintiff is now estopped from relitigating the same question here.

Other questions are raised, but in view of the conclusion hereinabove reached, a consideration thereof is deemed unnecessary.

For the reasons hereinabove set out, the judgment and decree of the learned trial court must be, and it is hereby affirmed. —Affirmed.

ANDERSON, DONEGAN, PARSONS, HAMILTON, MITCHELL, STIGER, and SAGER, JJ., concur.

RICHARDS, C. J., dissents.