Edward D. WIEGMANN and B. Genevieve Wiegmann, Appellees,

v.

L. L. BAIER, Appellant.

No. 55141.

Supreme Court of Iowa.

Dec. 20, 1972.

Newman, Redfern, McKinley & Olsen, Cedar Falls, for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellees.

Heard before MOORE, C. J., and LE-GRAND, UHLENHOPP, REYNOLD-SON, and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiffs brought this action to enjoin defendant from interfering with their use of a written easement of driveway rights on defendant's land. The trial court granted the injunctive relief sought and entered judgment for costs against defendant. Defendant has appealed.

Plaintiffs and defendant are owners of adjoining parcels of real estate located on the south side of Highway 218 in Cedar Falls. The undisputed legal description of each parcel or lot is a part of the record. Plaintiffs' lot is west of that of defendant. It is between 600 and 700 feet long and 65.5 feet wide. Defendant's lot is 500 to 600 feet long. Its width varies from 127 to 151 feet due to its irregular east boundary line. Since November 4, 1952, plaintiffs and their predecessors in title have been using a gravel driveway running near or on the west edge of defendant's property pursuant to a written recorded easement. The easement driveway enters the north end of defendant's property and runs straight south approximately 350 feet along the west boundary thereof. Defendant's home is east of and near the south end of the driveway. Just north of his home defendant has a small gravel area. Plaintiffs have two small gravel parking areas on their property relying on the easement driveway for access. One is north and the other south of their home. Plaintiffs have a double garage south of their home. Access thereto is obtained via the south parking area. This garage sits due west of defendant's home.

The written easement, dated November 4, 1952, admitted into evidence by stipulation, was signed as first party by Paul and Elda Michel, plaintiffs' predecessors in title, and as second party by Wesley and Stella White, defendant's predecessors in title. It was duly filed of record on November 5, 1952. Following legal descriptions and as material to the issues here, the easement agreement provides:

" * * * that said properties lie adjacent to each other and at the present time there is a well located on the property of First Party which was used for several years by the Grantors of the present respective owners of the above described real estate; and there is also a septic tank and sewage system located on the property of First Party which was used for several years by the Grantors of the present respective owners of the above described real estate; and, there is also a driveway over and along the West line of the property of Second Party which was used for many years by the Grantors of the Present respective owners of the above described real estate for the use of themselves, the members of the families, licensees and guests; and the parties hereto do desire now to reduce the several oral agreements with respect to the use of the above well, sewage system, septic tank and driveway to writing. Now therefore,

"IN CONSIDERATION of the several mutual covenants and agreements of

the parties hereto, the said respective parties above named do now covenant and agree between themselves as follows:  *  *  *.

"c.  The driveway and parking place along the West line of the property of Second Party which has been used for many years by the Grantors of present respective owners of the above real estate, may be still used by First Party, their heirs, licensees or assigns, along with Second Party, in the same manner as the same has been heretofore used. Any expense in connection with the repair, upkeep and maintenance of said driveway and parking place to be borne by the parties hereto equally.

"It is further understood and agreed that the provisions herein made with respect to said water system, sewage disposal system and driveway and parking place, shall be binding upon the respective parties hereto, and also upon their heirs, grantees, licensees and assigns."

At the time of the easement grant Michels would park near the south end of the driveway and walk about 20 feet to their house door.  They sold their property to Mr. and Mrs. Wendell Huebner in 1954. In 1955 Huebners constructed the double garage referred to above.  Huebner was concerned about blocking White's view, so first obtained White's permission to erect the garage.  Huebner ran a driveway west to his garage from near the south end of the easement.  Huebner sold the property to plaintiffs in July 1968.  They converted the house to a duplex.  Defendant acquired his property May 1968.

Plaintiffs and defendant used the driveway in substantially the same manner as had their predecessors.  However, apparently without prior discussion or disagreement, defendant on July 14, 1970 erected or caused to be erected a fence on his property running near or along the boundary line between the two properties.  The fence consisted of three strands of aluminum clothesline wire strung between a number of steel or iron fence posts.  It extended some 200 to 300 feet in length and effectively barred access by auto to plaintiffs' garage and parking areas.  It had no gates.  A person seeking to walk from the easement driveway to plaintiffs' dwelling would have to either climb over, under or through the fence or walk to either end of it.  The fence was free standing, enclosed no area and connected with no other fence or object.  Its only likely purpose was to prevent access to plaintiffs' property from the easement driveway.  The fence was removed by plaintiffs pursuant to a temporary injunction.

Plaintiffs' petition, filed July 24, 1970, alleged defendant had violated the terms of the written easement by constructing the fence which denied free access to their property.  They sought injunctive relief restraining defendant from maintaining a "nuisance fence."  Defendant's answer denied generally the allegations of plaintiffs' petition and claimed plaintiffs had overburdened the easement.  By amendment plaintiffs pleaded a prescriptive easement based on the agreement between Huebner and White.

On trial of the issues most of the facts set out above were stipulated.  Plaintiff Edward D. Wiegmann related the facts regarding purchase, use and obstruction of the property involved.  Huebner testified regarding his dealings with White and the established use of the driveway and access to the parking area and garage.  Defendant did not testify.  His only witness was Mrs. Michel.  She described the use made of the driveway including the fact the Michels parked their car north of what is now defendant's home.

The trial court filed well-prepared findings of fact and conclusions of law.  The injunctive relief sought by plaintiffs was ordered on the basis defendant was interfering with plaintiffs' easement rights

granted under the written recorded agreement. The court further found plaintiffs had not established an easement by prescription and the alleged overburdening was not proven so as to render the granted easement void. Only defendant has appealed.

Defendant assigns three propositions for reversal. He asserts (1) his motion to dismiss made at the close of plaintiffs' evidence should have been sustained, (2) his motion to dismiss made at the close of all the evidence should have been sustained and (3) there was insufficient evidence in the record to sustain the trial court's findings and conclusion and the decree is contrary to law. We need not consider the first two assigned propositions separately as the court made no ruling on either motion and they were based on the same ground as asserted in the third assignment, insufficiency of evidence. Defendant argues a number of specific points which we will consider infra.

I. Our review is de novo in this equity matter. Rule 334, Rules of Civil Procedure. We evaluate the record as of the close of all evidence and not that at the close of plaintiffs' case in chief. In re Claim of Blackman (In re Hunt's Estate), 256 Iowa 1076, 1080, 129 N.W.2d 618, 620; Carr v. Mahaska County Bkrs. Ass'n, 222 Iowa 411, 412, 413, 269 N.W. 494, 495, 107 A.L.R. 1080, 1082.

II. Defendant first argues plaintiffs' easement rights are limited to use of the easement area "in the same manner as the same has been heretofore used." In other words defendant takes the position these are words of limitation and not words of description as claimed by plaintiffs.

In the construction of written contracts, the cardinal principle is that the intention of the parties must control; and except in cases of ambiguity, this is deter-mined by what the contract itself says. Rule 344(f)(14), R.C.P. This rule is applicable to construction of easement grants. Hewitt v. Whattoff, 251 Iowa 171, 174, 100 N.W.2d 24, 26.

The easement contract here is not limited to the words quoted above. It includes critical words such as "over and along the west line of the property of the Second Party" and "along the West line of the property of the Second Party."

Like the trial court and contrary to defendant's argument, we conclude the easement abutted the property line at all points along the length of the driveway. It seems clear the parties intended to grant unlimited right of ingress and egress to plaintiffs' predecessor in title. It therefore follows the words relied upon by defendant are words of description and not of limitation. For strong support of this conclusion see McDonnell v. Sheets, 234 Iowa 1148, 1154, 15 N.W.2d 252, 255, 156 A.L.R. 1043, 1047, 1048, where we say:

" * * *. And it is the general rule that where a right of way is granted it may be used for any purpose to which the land accommodated thereby may reasonably be devoted, unless the grant contains specific limitations and the grantee can avail himself of modern inventions, if by so doing he can more fully exercise and enjoy or carry out the object for which the easement was granted. (Citations). * * *."

III. Assuming, arguendo, ambiguity exists by the terms of the easement agreement, the manner in which the parties themselves have construed them is persuasive evidence of their intention. McDonnell v. Sheets, supra; Thul v. Weiland, 213 Iowa 713, 716, 239 N.W. 515, 517; 28 C.J.S. Easements § 26, pages 680, 681; 25 Am.Jur.2d, Easements and Licenses, section 23, pages 434, 435. See also Annot., 3 A.L.R.3d 1256, section 3, pages 1262, 1263.

The record clearly shows all interested parties, including defendant up to July 14, 1970, acquiesced and consented to the unrestricted easement rights as now claimed by plaintiffs. We like the trial court, conclude plaintiffs proved unlawful interference with their easement rights.

IV. We need not and do not consider plaintiffs' allegations of an easement by prescription.

V. Defendant also contends plaintiffs imposed additional burdens on his servient estate. The rules governing easement rights are well established and not disputed by the parties. The dominant estate owner has the right to reasonable use of a driveway easement in the manner and for the purpose it was intended to serve, but must not use it in a way imposing additional burdens on the servient estate. Schwartz v. Grossman, Iowa, 173 N.W.2d 57, 59, 60 and citations.

Defendant's claim of overburdening is without merit. It is entirely without evidentiary support. On the contrary the record discloses plaintiffs are parking on their land rather than on that of defendant as authorized by the easement grant.

VI. The record clearly establishes defendant interfered with the easement belonging to plaintiffs and the district court properly enjoined defendant from doing so. Schwartz v. Grossman, supra; Bina v. Bina, 213 Iowa 432, 436, 239 N.W. 68, 70; Thul v. Weiland, 213 Iowa 713, 717, 239 N.W. 515, 517.

We have considered all contentions made by defendant and find no ground for reversal.

Affirmed.

LeGRAND and REYNOLDSON, JJ., concur.

UHLENHOPP and McCORMICK, JJ., concur in result and all but Division II.