RIVERTON FARMS, INC., An Iowa Corporation, Plaintiff–Appellee,

v.

Rex CASTLE, Alma Castle, Rex Castle and Alma Castle, Trustees of the Rex Castle Revocable Trust, and Rex Castle and Alma Castle, Trustees of the Alma Castle Revocable Trust, Defendants–Appellants.

No. 88–227.

Court of Appeals of Iowa.

March 16, 1989.

Forest Ebersold and Curtis Hewett, of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendants-appellants.

Howard B. Wenger, of Wenger Law Office, Hamburg, for plaintiff-appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

**OXBERGER, Chief Judge.**

Defendants appeal from a district court judgment restricting their use of two easements over plaintiff's property to farming purposes only. Defendants contend the district court erred in two respects: (1) in restricting defendants' use of the easements in contravention with express language in the original easement, and (2) in placing time restrictions on their use of the easements for farming purposes.

■ Our scope of review in this equity action is de novo. Iowa R.App.P. 4. In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them. Iowa R.App.P. 14(f)(7). We affirm.

On February 23, 1972, Castles purchased real estate from the plaintiff, RFI. The property was south of the property RFI retained and presently owns. Castles already owned farmland to the north of the land owned by RFI. In purchasing the real estate from RFI, Castles requested and were granted easements from RFI to connect their two parcels of land. There are two easements at issue in this case. The first easement is an easement 100 feet in width running North and South from real estate owned by Castles lying adjacent to the North side of the real estate owned by RFI, and real estate sold to Castles lying South of the land owned by RFI and reads as follows:

> Sellers grant a driveway and livestock lane easement to Buyer for the purpose of moving cattle and equipment to and from buyer's land over the North 500 feet of the West 100 feet of the Northeast Quarter of Section 16.

The second easement states as follows:

> Sellers grant a driveway and livestock lane easement to buyer for the purpose of moving cattle and equipment to and from buyer's land and for levee repair over the land described as that portion of the Northeast Quarter of Section 16 lying 300 feet North and West of and parallel to the center line of the East Nishnabotna drainage ditch, all of the above land in Section 16, Township 68 North, Range 41 West of the 5th P.M., in Fremont County, Iowa.

From 1972 through 1978, the Castles farmed the land of RFI as a tenant. In

December 1985 Castles sold the land located south of the RFI land subject to the remaining easements. In 1987 RFI brought this petition in equity seeking to enjoin the Castles from using the two easements previously described because the sale in 1985 eliminated Castles' need for the easements. Alternatively, RFI sought restrictions on Castles' use of the easements claiming they had placed an additional burden on the easements by using them for personal and recreational reasons.

The district court concluded the easements were not extinguished because of the 1985 sale but that Castles' use of the easements was not for farming purposes but was primarily for personal and recreational reasons as well as for the harassment of the plaintiff. The district court then ordered the Castles be partially restrained in their use of the easements. Specifically, the Castles were limited to using the easements for movement of cattle and farm equipment in daylight hours while further limiting the movement of equipment to planting, cultivating and harvesting seasons. The Castles were also limited to moving equipment as defined in Iowa Code section 321.1(16). The Castles have appealed this decision due to the overly restrictive nature of the limitations placed on their use of the easements.

■ Defendants' first contention is that the district court's limitations on the easements in question were in contravention with the express language of the original easements. In construing an express grant or reservation of an easement, as in the construction of written contracts, the cardinal principle is that the intention of the parties must control. *Wiegmann v. Baier*, 203 N.W.2d 204, 208 (Iowa 1972).

■ The original grants of written easement in this case were on their face for the express purpose of moving cattle and equipment to and from lands owned by the defendants. Further, easement E–1 provided for levee repair movements by the defendants. Testimony from trial revealed the purpose for the easement was for farming. Evidence reveals the defendants have begun a practice of regularly using the easements in a manner which exceeds the original grant by using the easements for recreational purposes, personal reasons and for harassment of the plaintiff. We are in agreement with the trial court that the defendants have by their use of the easement created an additional burden. Where there is a right-of-way over land, it is appurtenant to every part of the land and a grantee of any part of it is entitled to it provided no additional burden is thereby created. *Loughman v. Couchman*, 242 Iowa 885, 47 N.W.2d 152 (1951). If he exceeds his rights either in manner or in the extent of its use, he becomes a trespasser to the extent of the unauthorized use. 25 Am.Jur. 478–79 *Easements and Licenses* § 72.

Now that it has been determined defendants have exceeded their rights with respect to the purpose of the easement, we must address limitations as to type of vehicle and reasonable time restrictions which would be in line with the intent of the parties. While Castle claims the daily use of his pickup and blazer are connected with regular farming operations, he testified he loves to drive every day over his farm to "watch the wildlife and deer for recreation." Castles no longer have the cattle operation which this easement was originally drawn to accommodate. However, they still have bulls in the pasture Northeast of their home.

The trial court found it was not the intent of the parties when the easement was made that the word equipment would include any type of motor vehicle other than farm equipment. The trial court limited the definition of equipment to that found at Iowa Code section 321.1(16). The pertinent part of that section provides:

"Implement of husbandry" means every vehicle which is designed for agricultural purposes and exclusively used, except as herein otherwise provided, by the owner thereof in the conduct of the owner's agricultural operations.

Iowa Code § 321.1(16) (1987).

■ The definition of the word "equipment" from Webster's Third New International Dictionary at page 768 is "the implements (as machinery and tools) used in an operation of activity." The intent of the parties is clear that the operation or activi-

ty referred to in the easement is farming and livestock. We, therefore, agree with the trial court's limitation of equipment to the statutory definition provided at Iowa Code section 321.1(16) (1987).

The trial court also limited movement of cattle and equipment to daylight hours. We agree that the restrictions to daylight hours is reasonable. The trial court also limited access of farm equipment over the easement to planting, cultivating and harvest seasons. We find this restriction reasonable. The trial court did not limit the movement of cattle over the easement to the planting, cultivating and harvest seasons. The trial court only limited movement of cattle to daylight hours. We find this limitation reasonable. For the above-stated reasons, we affirm.

AFFIRMED.