# IN THE COURT OF APPEALS OF IOWA

No. 19-0480
Filed November 4, 2020

**JOSHUA BOLKEMA and NATALIE BOLKEMA,**
    Plaintiffs-Appellees,

**vs.**

**CASEY SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.

The defendant appeals the district court's rulings on the plaintiffs' petition for injunctive relief. **AFFIRMED.**

JohnPatrick Brown of Nash Nash Bean & Ford, LLP, Geneseo, Illinois, for appellant.

Patrick L. Woodward of McDonald, Woodward & Carlson, P.C., Davenport, for appellees.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Joshua and Natalie Bolkema owned real estate adjoining land owned by Casey Smith. The only access from the Bolkemas' property to the main road was a thirty-three-foot easement along the north side of Smith's property, recorded decades earlier. A private, paved road in the center of the easement provided a "[s]traight-through shot" to the main road.

Shortly before the Bolkemas purchased the property, Smith installed gates at both ends of the private road as well as removable speed bumps along the road. Although her property was already fenced in, she installed additional fencing along the paved portion of the easement.[1]

The Bolkemas sued Smith alleging she "obstructed the easement," depriving them of free access to their property. They sought a permanent injunction preventing Smith "from interfering with [their] use of the easement and private roadway . . . and from placing any obstruction in, on, or along said easement." They also alleged the impediments amounted to a nuisance, entitling them to damages. Smith answered and filed counterclaims. Following a bench trial, the district court granted the Bolkemas' request for a permanent injunction and ordered the obstructions removed within thirty days. No money judgment was entered on the nuisance claim, and the court denied Smith's counterclaims. The court also denied Smith's motion for enlarged findings and conclusions. Smith appealed.

---

[1] Smith testified there had been fencing there and she simply re-installed it. She conceded the fence was within the thirty-three-foot easement.

Smith preliminarily contends "the gates and side fences[2] operate as part of a fence governed by Iowa Code chapter 359A" (2018). In her view, the district court "had no subject-matter jurisdiction to decide the Bolkemas' claims because the fence viewers were not consulted" pursuant to Iowa Code section 359A.22.

Chapter 359A, titled "Fences," "create[s] two circumstances in which a landowner is required to erect and maintain a partition fence." *Longfellow v. Sayler*, 737 N.W.2d 148, 153 (Iowa 2007). First, a landowner must "erect and maintain a partition fence when an agreement is reached between adjoining landowners." *Id.* (citing Iowa Code § 359A.12). Second, an adjoining landowner may "request another adjoining landowner to maintain a partition fence." *Id.* "If a conflict arises between the two adjoining landowners, the Code provides that one landowner may request the fence viewers to determine the controversy." *Id.*

The district court found the statute inapplicable, reasoning "it is not a partition fence that is in controversy." We agree. Neither side challenged the existence or condition of the fences surrounding Smith's rectangular-shaped property. The dispute centered on obstructions placed within the thirty-three-foot easement, including "additional fencing . . . to restrict [the] Bolkemas' use to the hard surface roadway only." Chapter 359A was not implicated.

Next, Smith argues the end gates and side fences were not nuisances because Smith has "a right and a duty to build boundary fences" and, in any event, the side fences "were never properly pled." She also asserts "the end gates, side

---

2 The "side fences" appear to be a reference to the fence along the paved road within the easement area.

fences, and speed bumps [did] not significantly impair the Bolkemas' use and enjoyment of the ingress-egress easement and therefore [were] not nuisances." In making these arguments, Smith conflates the Bolkemas' nuisance claim with their separate claim for injunctive relief. We believe the two claims are distinct. *See Skow v. Goforth*, 618 N.W.2d 275, 277–78 (Iowa 2000) (addressing request for an injunction "from interfering with" use of an easement, and stating, "A party seeking an injunction must establish (1) an invasion or threatened invasion of a right, (2) substantial injury or damages will result unless an injunction is granted, and (3) no adequate legal remedy is available" (citation omitted)); *see also* Iowa Code § 657.1 (defining nuisance as "[w]hatever is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere unreasonably with the comfortable enjoyment of life or property"); *Freeman v. Grain Processing Corp.*, 895 N.W.2d 105, 120 (Iowa 2017) (stating "[t]he nuisance statute does not supersede common law nuisance," which is defined as "an actionable interference with a person's interest in the private use and enjoyment of the person's land"); *cf. Wiegmann v. Baier*, 203 N.W.2d 204, 207 (Iowa 1972) (citing a reference to a "nuisance fence" in a petition alleging a violation of a written easement but analyzing the issue under contract principles rather than nuisance law). As noted, the district court granted injunctive relief without addressing the Bolkemas' request for nuisance damages, leading us to question whether the nuisance issue was preserved for review. *See Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("[T]his court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). That said, we believe

Smith's arguments, while mentioning nuisances, in fact take issue with the district court's determination that she "interfered with" the Bolkemas' use of the easement, a predicate to granting injunctive relief. We will address her arguments in that context.

We begin with Smith's assertion that the Bolkemas failed to plead a problem with the fences. The district court found otherwise, stating they "clearly request[ed] that Smith be permanently enjoined from placing any obstruction anywhere within the entire thirty-three foot wide easement." The pleadings support the court's determination. As for Smith's assertion that she had a right to build "boundary fences," she did indeed have that right; however, as discussed, this was not a "boundary fence" dispute but a dispute concerning additional fencing placed within the easement. The district court found Smith "wrongfully constricted the 33-foot easement by placing fencing and other impediments immediately adjacent to the driveway." On our de novo review, we discern more than ample support for the finding.

We turn to Smith's argument that the installation of gates was an extension of her right to build boundary fences. The district court found chapter 359A, even if applicable, did not address the installation of gates in conjunction with fencing. We agree but, as discussed, we find chapter 359A inapplicable.

We are left with Smith's assertion that the gates and speed bumps did not significantly impair the Bolkemas' use and enjoyment of the easement. The district court found that Smith "lived at her ranch for over ten years without installing gates," and it was "more than mere coincidence that she installed gates only after" the sellers of land ultimately purchased by the Bolkemas rejected her bid to

purchase that land. The court determined Smith installed the gates and speed bumps "solely to interfere with whoever" purchased the property. The gates, the court said, iced over in the winter, making them difficult to open, and both the gates and speed bumps damaged the surface of the private road.

The record supports the district court's findings. Smith acknowledged no gates enclosed the easement until after the prior owner of the Bolkemas' property passed away and title was transferred to a relative. The concession undermines her assertion that the gates served "a major utilitarian purpose" of keeping her "horses on her property."[3] In any event, the Bolkemas testified to multiple ways in which the gates and speed bumps impeded their use and enjoyment of their property. They offered digital video recordings to illustrate the problem. On our de novo review, we are persuaded that injunctive relief was warranted. *See Wiegmann*, 203 N.W.2d at 207–09 (affirming the grant of injunctive relief where a fence installed by the defendant on an easement "effectively barred access by auto to plaintiffs' garage and parking areas"); *McDonnell v. Sheets*, 15 N.W.2d 252, 256 (Iowa 1944) ("[T]o grant the right to so obstruct the driveway with gates, would rather effectively destroy plaintiffs' easement."); *cf. Skow*, 618 N.W.2d at 277 (concluding plaintiffs failed to show that a fence encroaching three inches onto an easement would impede their ingress or egress).

Smith raises one final argument unrelated to the Bolkemas' request for injunctive relief. She contends "the Bolkemas clearly are operating a business on their property and it should be enjoined." The district court was unpersuaded by

---

[3] Smith testified she used her land as a sanctuary for disabled horses.

the assertion.  The court found "no credible evidence" that Mr. Bolkema performed "any work through his construction business that relate[d] to use of the easement."  The court noted that Ms. Bolkema performed "office work" from the home but stated "[n]one of this conduct impacts the easement."  After denying the claim at trial, the court reaffirmed the denial on reconsideration.  On our de novo review, we discern support for the court's findings, and we affirm the denial of Smith's request for an injunction.

Smith asks this court to "award attorney fees."  She provides no authority for an award.  Accordingly, we deny the request.

We affirm the district court's grant of permanent injunctive relief in favor of the Bolkemas.

**AFFIRMED.**