This is an application by A. Langstaff Johnston, Jr., for the modification of two orders in the above action; one dated October 3d 1942, and the other dated November 12th, 1942.
The original decree in this matter was advised by Vice-Chancellor Fielder as a result of his opinion reported in131 N.J. Eq. 585, and affirmed by the Court of Errors and Appeals in 131 N.J. Eq. 613. Vice-Chancellor Fielder determined that A. Langstaff Johnston, Jr., and other directors of the defendant corporation had grossly mismanaged the business and affairs of the company for their personal benefit "in wanton disregard of the rights of corporate stockholders." The final decree directed Mr. Johnston and the other individual defendants to pay back to the treasury of the Breeze Corporation a substantial sum of money. Thereafter, the individual defendants submitted an offer of settlement and adjustment which was approved. See Hollander v. Mascuch, 132 N.J. Eq. 376.
I advised the order approving the settlement on October 3d 1942. That order, among other things, provided that the individual defendants should deliver general releases to the Breeze Corporation releasing it from any and all claims to that date (with certain exceptions); and also that the Breeze Corporation should report to this court all of the things done in consummation of the compromise; and, that upon *Page 217 
the filing and approving of said report the Breeze Corporation should file a cancellation and satisfaction of the final decree and execute and deliver general releases to the individual defendants.
The report was filed, and on November 12th, 1942, I advised an order approving the same and directing the Breeze Corporation to cancel and satisfy its decree as to all of the individual defendants, except Johnston, and to deliver its releases to all of the said defendants, except Johnston. The report shows that Johnston refused to execute and deliver his release to the Breeze Corporation.
Johnston now makes this application. In substance, the application is to eliminate his name from that portion of the order of October 3d which requires the execution and delivery of general releases by the individual defendants, and to strike out the provision excepting him from that portion of the order of November 12th which directs the Breeze Corporation to cancel and satisfy its decree.
The petition recites that on October 3d 1942, Johnston had, and still has, claims against the Breeze Corporation for salaries and dividends and also has a claim based upon an agreement for services to be rendered in the development of the production of armor plate, and that since October 3d 1942, the respective amounts of the petitioner's claims have "increased greatly by virtue of subsequent events."
It is now urged that the provisions respecting Johnston in the two orders above mentioned, were erroneously and improperly included therein. Petitioner contends that by the terms of the settlement neither Johnston nor any of the other individual defendants undertook or agreed to deliver releases to the corporation, and that the language now sought to be eliminated from the offer of settlement as submitted sets forth terms and conditions which were not included in the offer.
The Breeze Corporation has filed a verified answer to the petition. It is therein stated that the offer of settlement was submitted under the assumption that the individual defendants would exchange releases with the Breeze Corporation and that the corporation never was willing to compromise the final decree except on that basis. *Page 218 
This appears to be a correct statement of the Breeze Corporation's position. The final paragraph of the offer of compromise recites that the individual defendants "agree to execute any and all papers which may be necessary to completely effectuate this offer, as advised by counsel." All of the defendants, except Johnston, promptly executed and delivered the required releases.
The form of the order of October 3d 1942, as presented to me, appeared to provide a satisfactory and equitable method of disposing of the matter. The requirement that the releases be exchanged gave to the settlement an element of mutuality which otherwise might not have been present. I do not agree with the petitioner's contention that it imposed a term or condition which was not included in the offer. However, if the questioned provision did add a new term or condition, it was wholly within the power of the court to impose the same. The application for approval of the settlement was directed to the sound discretion of this court, and in such a situation, it may grant the relief sought upon terms.
No claim is now made that the petitioner was unaware of the terms of the order of October 3d 1942. The fact is that he was then represented by solicitor and that he either had actual knowledge of the terms of both orders in question or was chargeable with such knowledge. If he deemed himself aggrieved by either or both of said orders, his remedy was by appeal. He did not appeal within the time limited by the statute and he cannot now, almost two years later, be heard to complain. Equity favors the vigilant, not those who slumber on their rights.
Petitioner seeks to base this application upon the language of the order of October 3d 1942, which concludes with the following paragraph:
"11. The court reserves jurisdiction over this proceeding and the parties thereto to make such other and further orders as may be necessary."
It is well settled that a decree cannot be altered under a general leave reserved for further directions. Eureka Fire HoseCo. v. Eureka Rubber Manufacturing Co., 72 N.J. Eq. 555. *Page 219 
For the above reasons the application is denied. The petitioner will not be required to give a release to the Breeze Corporation if he does not desire to do so. On the other hand, the Breeze Corporation will not be required to satisfy its decree against the petitioner. *Page 220