This is an application by A. Langstaff Johnston, Jr., to vacate three orders of this court advised by me, on the ground that the court had no jurisdiction over the subject-matter of the proceedings and that said orders are coram non judice and, therefore, void. The orders referred to are those of August 7th, October 3d and November 12th, 1942, and are entitled in this cause.
Petitioner does not contend that this court was without jurisdiction to hear and determine the main case and grant the decree of October 24th, 1941, which was affirmed by the Court of Errors and Appeals on May 19th, 1942.
Paragraph 47 of the said final decree, among other things, contained the following paragraph:
"47: That the parties hereto may hereafter apply at the foot of this decree for such further orders and directions as may be just and proper in connection with the enforcement, adjustment and satisfaction of this decree, the court retaining jurisdiction of the action and the parties thereto for such purposes."
The orders, now questioned, dealt with the adjustment and compromise of the settlement of the final decree.
The efforts to locate assets of individual defendants, in order to satisfy the final decree, disclosed that suits had been commenced against some of the defendants who were stockholders and who had transferred shares of stock. These suits were brought to set aside various transfers of stock and, at the time of the proposed settlement, were pending and undetermined. Further litigation would have been necessary and appeals, no doubt, would have resulted from the determination of the various controversies. The compromise, which resulted from the orders in question, completely disposed of all of these suits and concluded the controversy as to all of the parties involved and removed the Breeze Corporations from the litigation in order that it might proceed with its business without vexatious litigation and produce for the armed forces the materials and equipment which the company was manufacturing. *Page 19 
Prior to the making of this application the same petitioner applied to this court for a modification of two of the orders; one dated October 3d 1942, and the other dated November 12th, 1942, which he now asks to be set aside because this court lacked jurisdiction. That application was denied as will appear in my opinion reported in Hollander v. Mascuch, 136 N.J. Eq. 215.
In the former application petitioner did not question the jurisdiction of this court. Parties will not be allowed to split up their causes of action and hold the reserve for future litigation. See Rosenstein v. Burr, 80 N.J. Eq. 424, 429,
which case was cited with approval by the Court of Errors and Appeals in Nuzzi v. United States Casualty Co.,121 N.J. Law 249, 260.
By the application for adjustment and compromise of the final decree, the whole controversy was brought to a close and a multiplicity of actions avoided. The final decree was enforced by reason of said orders and the liabilities of the defendants were adjusted as to all except A. Langstaff Johnston, Jr., the petitioner. The petitioner refused to execute a release to Breeze Corporations and, therefore, the decree was not satisfied against him.
I have been unable to find a case which holds that a court of equity lacks jurisdiction to entertain an offer of settlement or compromise of a matter either before or after final decree.
The settlement of a final decree in a stockholders' derivative suit may be found in the case of Heller v. Boylan, 29 N.Y.S.
2d 653; affirmed, 32 N.Y.S. 2d 131; reargument denied, 32 N.Y.S. 2d 1011. The approval of Mr. Justice Collins of the New York Supreme Court appears in the New YorkLaw Journal of November 1st, 1941, page 1329, column 5. See, also, 42 Columbia Law Review 574.
Petitioner contends that the settlement of the final decree was an interference in and a control over matters relating to the internal affairs of the corporation and that, therefore, the court usurped the powers of the directors of Breeze Corporations, Inc. This contention is without merit.
As stated above, the merits of the offer and compromise were considered by this court and were for the protection of the interests of all the stockholders. As stated in my former *Page 20 
opinion in Hollander v. Mascuch, 136 N.J. Eq. 215 (at p.218), the settlement was directed to the sound discretion of this court and the relief granted was just and equitable.
If petitioner wished to challenge the jurisdiction of this court he should have done so by appeal to the Court of Errors and Appeals within the time limited after the making of the orders here questioned.
The application is, therefore, denied.